687 So.2d 277 (1997)
Dwayne F. HUNTER, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2723.
District Court of Appeal of Florida, Fifth District.
January 10, 1997.
*278 James B. Gibson, Public Defender, and Sean K. Ahmed, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, Judge.
Dwayne F. Hunter appeals from a conviction and sentence for second degree murder in the shooting of his brother, Kerry. We affirm.
Dwayne F. Hunter argued with Kerry while they visited the home of a friend. During the altercation, Kerry threatened to kill Hunter. Hunter drove away, returned to the scene of the argument and emerged from his truck armed with a .22 rifle. Kerry also left the scene and returned with a .380 handgun. The brothers confronted and shot at each other. Kerry was killed. Autopsy results revealed that Kerry had been shot three times in the chest and four times in the back. Although witnesses saw Hunter and Kerry approach each other, none saw the shooting or who fired first. Hunter testified that his brother was the aggressor and that he acted in self-defense. Citing Brown v. State, 454 So.2d 596 (Fla. 5th DCA), rev. denied, 461 So.2d 116 (Fla.1984) and Pierce v. State, 376 So.2d 417 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 640 (Fla.1980), Hunter argues that the trial court erred in denying his motion for judgment of acquittal, because the state failed to disprove his hypothesis of innocence and failed to prove he acted with a depraved mind regardless of human life. We disagree and affirm.
The state had the burden of proving Hunter's guilt beyond and to the exclusion of every reasonable doubt, including proving that Hunter did not act in self-defense. Brown at 598. Before Hunter can avail himself of the defense of self-defense, he must establish that his life was in imminent danger and he could not safely retreat. As we stated in Brown:
The law of justifiable homicide by selfdefense has many times been set forth in decisions of this court. There must be reasonable grounds to apprehend a design to commit a felony, or to do some great personal injury, and there shall be imminent danger of such design being accomplished. "Imminent means near at hand, mediate rather than immediate, close rather than touching." The one interposing the defense must not have wrongfully occasioned the necessity; he must have used all reasonable means in his power, consistent with his own safety, to avoid the danger and to avert the necessity of taking human life; the circumstances must be such as to induce a reasonably cautious and prudent man to believe that the danger was actual and the necessity real, in order that the slayer may be justified in acting upon his own belief to that effect.
Id., at 599 (quoting Linsley v. State, 88 Fla. 135, 101 So. 273 (Fla.1924)). To justify homicide in self-defense, one must demonstrate a real necessity for taking a life and a situation causing a reasonably prudent person to believe that danger is imminent. Reimel v. State, 532 So.2d 16, 18 (Fla. 5th DCA 1988), rev. denied, 542 So.2d 989 (Fla.1989); citing Pressley v. State, 395 So.2d 1175 (Fla. 3d DCA), rev. denied, 407 So.2d 1105 (Fla.1981). "Before taking a life, a combatant must `retreat to the wall' using all means in his power to avoid that need." Id., at 18, citing Baker *279 v. State, 506 So.2d 1056 (Fla. 2d DCA), rev. denied, 515 So.2d 229 (Fla.1987); Cannon v. State, 464 So.2d 149 (Fla. 5th DCA), rev. denied, 471 So.2d 44 (Fla.1985).
In the instant case, there was evidence from which the jury could have concluded that Hunter did not "retreat to the wall" and that a reasonably cautious and prudent person would not believe there was a necessity for taking a human life. Accepting the state's evidence as true, the jury could have concluded that Hunter and the victim had a verbal altercation during which the victim mentioned killing Hunter. The jury could have concluded that it was at this point that Hunter's duty to retreat arose, but that he instead returned to his parents' home, retrieved his rifle, returned to the scene, and, at a minimum, escalated the situation. Because there was evidence which would support a jury's conclusion that Hunter's acts did not comport with the law regarding selfdefense, the court properly denied his motion for judgment of acquittal. See State v. Tai Van Le, 553 So.2d 258 (Fla. 2d DCA 1989) (second degree murder conviction upheld where nothing prevented defendant from retreating).
Accordingly we affirm Hunter's conviction for second degree murder. Hunter raises two other points on appeal, which have no merit.
AFFIRM.
DAUKSCH and GRIFFIN, JJ., concur.