GRIFFIN, J.
Gregory Wilson [‘Wilson’’] appeals his conviction for manslaughter. We find no error on the lower court’s denial of Wilson’s motion for a judgment of acquittal. There was evidence from which the factfinder could have concluded that Wilson knew or should have known that hy-perextension of the victim’s neck was likely to cause death or serious bodily injury. There was also evidence that great force was used to hyperextend his neck and that the hyperextension continued for a significant period of time.
Nor is there merit to Wilson’s argument that he was entitled to a judgment of acquittal on the ground that the death was “justifiable homicide.” Florida law permits the use of deadly force only if a defendant “reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another or to prevent the imminent commission of a forcible felony.” § 776.012, Fla. Stat. (1995). Florida law also permits the use of force by law enforcement officers and/or correctional officers if the officer or correctional officer has a “reasonable belief’ that such force is necessary to prevent a defendant’s escape from custody or from a penal institution. Here, however, the victim was handcuffed to the chair and had his leg irons on. Wilson himself admitted that he was not concerned for any officer’s safety. The reasonableness of Wilson’s belief that the use of deadly force was necessary was a question for the jury.
Finally, Wilson claims on appeal that the evidence failed to establish beyond a reasonable doubt that his use of the towel was the proximate cause of the victim’s death, given evidence that there were defects in the equipment which corrections officers attempted to use to revive the victim and that the victim did not die for seven days. This issue was not raised below; moreover, evidence of these subsequent events would not absolve Wilson of culpability.
AFFIRMED.
W. SHARP, and PLEUS, JJ., concur.