918 So.2d 327 (2005)
Kwamin Hassan THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-1631.
District Court of Appeal of Florida, First District.
November 15, 2005.
Rehearing Denied January 17, 2006.
*328 Nancy A. Daniels, Public Defender, and Nada M. Carey, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Jr., Attorney General, and Thomas D. Winokur, Assistant Attorney General, Tallahassee, for Appellee.
KAHN, C.J.
Appellant Kwamin Hassan Thomas seeks reversal of his convictions and life sentences for two counts of first degree murder. He argues that the trial court committed error by giving an improper self-defense instruction. Recognizing that trial counsel did not preserve any objection to the instruction as given, appellant argues that the error is fundamental. We affirm and decline to certify conflict with courts that have found similar errors to be fundamental because, as a matter of law, appellant was not entitled to a self-defense instruction.

Background
In the early morning of February 7, 2002, appellant and a group of friends were patronizing Club Element, a dance club in downtown Gainesville. They danced and drank until the establishment closed at 2:00 a.m. While inside the club, appellant had been bumped a few times on the dance floor, but thought nothing of it. When the club closed, appellant, as well as all other patrons, was escorted outside. Appellant waited outside the club and spoke to others while a couple of his friends went to get the car. Two other patrons, Troy Johnson and Randy Mack, were also outside the club. Mack, according to the bouncer, Mark Burwell, was "heavily intoxicated."
For apparently no reason and with no warning, Mack punched appellant in the face and kicked appellant while he lay on the ground unconscious. After the fight stopped, appellant got to his feet. According to Burwell, appellant appeared dazed. At about this moment, appellant's friends pulled up in the car. Appellant went to the car and either grabbed or was given a gun. As appellant walked back toward Johnson and Mack, some of his friends attempted to stop him, but the appellant continued. He walked up to an unarmed Randy Mack and shot and killed him. He then shot and killed Johnson, who was unarmed and fleeing.
During a post-arrest video interrogation played at trial, Thomas made the following statements: "All I wanted to do was to hurt him somehow, someway, get back at him because he hit me for no reason." When asked if he had to resort to the use of a firearm, he replied: "No. No, I don't think I did." When the questioning detective asked if the people he shot at were armed, appellant stated: "Not that I know of."
At the charge conference, the parties agreed the jury would be instructed on the *329 justifiable use of deadly force and, at trial, the court gave the standard instruction on self-defense:
An issue in this case is whether the defendant acted in self-defense. It is a defense to the offense with which Kwamin Thomas is charged if the death or injury of Troy Johnson and/or Randy Mack resulted from the justifiable use of force likely to cause death or great bodily harm.
The use of force likely to cause death or great bodily harm is justifiable only if the defendant reasonably believes that the force is necessary to prevent imminent death or great bodily harm to himself while resisting:
One, another's attempt to murder him, or,
Two, any attempt to commit a forcible felony upon him, period.
A person is justified in using force likely to cause death or great bodily harm if he reasonably believes that such force is necessary to prevent:
One, imminent death or great bodily harm to himself or another, or,
Two, the imminent commission of a forcible felony against himself or another.
A forcible felony means treason, murder, manslaughter, sexual battery, car-jacking, home invasion robbery, robbery, burglary, arson, kidnapping, aggravated assault, aggravated battery, aggravated stalking, aircraft piracy, unlawfully throwing, placing or discharging of a destructive device or bomb and any other felony which involves the use or threat of physical force or violence against any individual.
However, the use of force likely to cause death or great bodily harm is not justifiable if you find:
One, Kwamin Thomas was attempting to commit, committing or escaping after the commission of murder or,
Two, Kwamin Thomas initially provoked the use of force against himself, unless:
A, the force asserted toward the defendant was so great that he reasonably believed that he was in imminent danger of death or great bodily harm and had exhausted every reasonable means to escape the danger other than using force likely to cause death or great bodily harm to Troy Johnson and/or Randy Mack.
B, in good faith the defendant withdrew from physical contact with Troy Johnson and/or Randy Mack and indicated clearly to Troy Johnson and/or Randy Mack that he wanted to withdraw and stop the use of force likely to cause death or great bodily harm, but Troy Johnson and/or Randy Mack continued or resumed the use of force.
In deciding whether the defendant is justified in the use of force likely to cause death or great bodily harm, you must judge him by the circumstances by which he was surrounded at the time the force was used. The danger facing the defendant need not have been actual, however to justify the use of force likely to cause death or great bodily harm, the appearance of danger must have been so real that a reasonably cautious and prudent person under the same circumstances would have believed that the danger could be avoided only through the use of that force. Based upon appearances the defendant must have actually believed the danger was real.
(emphasis added). The underscored language is the "forcible felony" exception to self-defense, based on section 776.041(1), Florida Statutes (2001).

Analysis
Appellant argues that the forcible felony exception applies only in situations *330 where the accused stands charged with two or more criminal acts, at least one of which is a separate forcible felony, distinguishable from the act or acts from which the accused is claiming self-defense. See Giles v. State, 831 So.2d 1263 (Fla. 4th DCA 2002). Appellant further argues that the trial court fundamentally erred by instructing the jury on the forcible felony exception under the facts of the present case. See, e.g., Ruiz v. State, 900 So.2d 733 (Fla. 4th DCA 2005) ("The lower court committed fundamental error by charging the jury on the `forcible felony' exception to self-defense where appellant was not engaged in an independent forcible felony."); Harvey v. State, 897 So.2d 556 (Fla. 5th DCA 2005) ("[T]he lower court committed fundamental error when it charged the jury on the `forcible felony' exception to self defense.").
We decline to reach the question of whether the instruction in this case rose to the level of fundamental error. The law, as it existed when appellant committed these two homicides, made clear that before a defendant "can avail himself of the defense of self-defense, he must establish that his life was in imminent danger and he could not safely retreat." Hunter v. State, 687 So.2d 277, 278 (Fla. 5th DCA 1997).[*] A defendant seeking refuge in a claim of self-defense "must have used all reasonable means in his power, consistent with his own safety, to avoid the danger and to avert the necessity of taking human life." Id. (quoting Brown v. State, 454 So.2d 596, 599 (Fla. 5th DCA 1984)). A trial court errs by giving the self-defense instruction where the facts indicate that, as a matter of law, it was unreasonable for a defendant to resort to deadly force. See Berrios v. State, 781 So.2d 455, 457 (Fla. 4th DCA 2001).
Referring to the elements of justifiable use of deadly force in the jury instruction as given, we find from the undisputed record before us that appellant did not exhaust every reasonable means to escape the perceived danger. He did not withdraw from contact with Johnson and Mack. He did not indicate clearly to Johnson and Mack that he wished to withdraw and stop the use of deadly force. Furthermore, nothing indicates that either Johnson or Mack continued or resumed the use of deadly force. Appellant obtained a weapon, returned to the scene of the fray, and aggressively approached and shot the unarmed victimsat least one of them, Johnson, in the back of the head. We find the evidence in this case not reasonably susceptible to differing views. A reasonably prudent person would have realized that no justification remained for the use of deadly force under the undisputed circumstances of this case. Accordingly, appellant Thomas was not entitled to an instruction on self-defense, and we need not further consider the substance of the instruction given.
AFFIRMED.
BARFIELD and DAVIS, JJ., concur.
NOTES
[*] Effective October 1, 2005, Florida's law regarding the duty to retreat reads:

A person who is not engaged in an unlawful activity and who is attacked in any other place where he or she has a right to be has no duty to retreat and has the right to stand his or her ground and meet force with force, including deadly force if he or she reasonably believes it is necessary to do so to prevent death or great bodily harm to himself or herself or another or to prevent the commission of a forcible felony.
§ 776.013(3), Fla. Stat. (2005).