932 So.2d 589 (2006)
Eugene Fitzgerald BARNES, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D06-46.
District Court of Appeal of Florida, Fifth District.
June 30, 2006.
Eugene Fitzgerald Barnes, Bristol, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
Eugene F. Barnes (petitioner) has filed a petition requesting a belated appeal claiming ineffective assistance of appellate counsel. Concluding that appellate counsel was ineffective for failing to argue on petitioner's direct appeal that one of the *590 trial court's jury instructions constituted fundamental error, we grant the petition.
Petitioner was tried by a jury on the charge of attempted first degree murder, and he was convicted of the lesser included offense of attempted second degree murder. Petitioner appealed his judgment and sentence raising two arguments relating to the trial court's failure to grant a continuance and whether the trial court failed to act impartially, thereby prejudicing the petitioner. This court affirmed petitioner's judgment and sentence.
The instant petition was thereafter filed, raising one claim of ineffective assistance of appellate counsel; namely, that petitioner's appellate counsel was ineffective for failing to argue on direct appeal that the trial court's jury instruction on the forcible felony exception to the justifiable use of deadly force constituted fundamental error requiring reversal.[1] According to the petition, after instructing the jury on the justifiable use of deadly force, the trial court explained the forcible felony exception to the justifiable use of deadly force as follows:
However, the use of force likely to cause death or great bodily harm is not justifiable if you find:
1. Eugene Fitzgerald Barnes was attempting to commit, committing or escaping after the commission of Attempted Murder and/or Aggravated Battery; . . .
The petition alleges that, because this instruction was circular in nature, it may have confused the jury and negated the petitioner's only defense to the charge.
In reviewing a claim of ineffective assistance of appellate counsel, the court must first determine "whether counsel's alleged omission is of such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance." Granberry v. State, 919 So.2d 699, 700 (Fla. 5th DCA 2006). "Then, the court must determine whether the deficiency in performance compromised the appellate process to such a degree as to undermine confidence in the correctness of the result." Id. See also Mansfield v. State, 911 So.2d 1160 (Fla.2005); Dufour v. State, 905 So.2d 42 (Fla.2005).
Petitioner acknowledges that his trial counsel failed to preserve this issue for appeal; however, he argues that such an error was fundamental in nature and could have been raised for the first time on appeal notwithstanding the lack of a contemporaneous objection. See Rodriguez v. State, 919 So.2d 1252 (Fla.2005) (holding that, unless an issue rises to the level of fundamental error, appellate counsel will not be deemed ineffective for failing to raise an issue not preserved in the trial court below). Precedent from this Court dictates that the instant petition should be granted.
In Granberry v. State, 919 So.2d 699 (Fla. 5th DCA 2006), this court addressed a similar claim of ineffective assistance of appellate counsel related to the failure to raise a challenge to the trial court's issuance to the jury of the forcible felony exception to self-defense claim. In Granberry, as in the instant case, trial counsel failed to preserve the issue for direct appeal. Furthermore, the petitioner in Granberry, as in the instant case, presented a claim of self-defense at trial. This court held in Granberry:
We conclude that the appellate counsel's failure to argue that the erroneous jury instruction on justifiable use of force amounted to fundamental error constituted *591 ineffective assistance of appellate counsel.
Id. at 702 (emphasis added). See also Bertke v. State, 927 So.2d 76 (Fla. 5th DCA 2006).
The only remaining issue is what relief to grant the petitioner. Petitioner seeks a reversal of his conviction and a remand for a new trial. However, the petitioner has also cited in his petition to Fair v. Crosby, 858 So.2d 1103, 1105 (Fla. 4th DCA 2003) for the proposition that "the fundamental nature of the error can be gleaned only from a review of the full record on appeal." In Fair, the Fourth District granted petitioner a belated appeal based on its concern that the forcible felony instruction "may have confused the jury sufficiently so as to negate petitioner's defense of self-defense." In accordance with Fair, we grant petitioner a belated appeal as a review of the entire record may yet demonstrate that the erroneous jury instruction did not amount to fundamental error. See Hickson v. State, 917 So.2d 939 (Fla. 4th DCA 2005) (following the grant of a belated appeal based on appellate counsel's failure to argue improper jury instruction, court found in affirming appeal that appellate counsel's failure in this regard did not amount to fundamental error because appellant was not entitled to receive the self-defense instruction at trial.). A copy of this opinion shall be filed with the trial court and treated as the notice of appeal.
PETITION GRANTED.
PLEUS, C.J. and SHARP, W., J., concur.
NOTES
[1] See § 776.041, Fla. Stat. (2002).