933 So.2d 1275 (2006)
Samie Sims SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-2058.
District Court of Appeal of Florida, Second District.
July 28, 2006.
*1276 James Marion Moorman, Public Defender, and Cynthia J. Dodge, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and C. Suzanne Bechard, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Samie Sims Smith appeals his judgment and sentence for aggravated battery. Because the jury instruction on self-defense constituted fundamental error under established case law, we reverse.
Mr. Smith was charged with aggravated battery for stabbing Germaine Ross. At trial, Mr. Smith's sole defense was that he stabbed Mr. Ross in self-defense. It was undisputed that the incident between the two men began when Mr. Ross confronted Mr. Smith and accused him of slapping Mr. Ross's mother. During the ensuing brawl, Mr. Ross punched Mr. Smith in the jaw with enough force that he broke some of Mr. Smith's teeth. According to Mr. Ross, he did this because Mr. Smith grabbed him by the throat and would not let go. Soon after Mr. Ross punched Mr. Smith, Mr. Smith stabbed Mr. Ross. Mr. Ross claimed Mr. Smith stabbed him with a knife that Mr. Smith must have retrieved from his car when the two first exchanged words. Mr. Smith claimed that he had been working on his car with a screwdriver and that he used this screwdriver to stab Mr. Ross.
At the close of the evidence, the trial court instructed the jury, in pertinent part: "[T]he use of force likely to cause death or great bodily harm is not justifiable if you find Samie Sims Smith was attempting to commit, committing or escaping after the commission of aggravated battery." It is well established that this standard instruction is not appropriate unless the defendant is charged with an independent forcible felony, in addition to the offense for which he claims self-defense. See Martinez v. State, 933 So.2d 1155, 1157-58, 2006 WL 1331498 (Fla. 3d DCA May 10, 2006) (rehearing pending) (citing cases from each district that hold the giving of this instruction is error). As explained in Giles v. State, 831 So.2d 1263 (Fla. 4th DCA 2002), the instruction is "circular and confusing to the jury" because it improperly instructs the jury that the very act that the defendant seeks to *1277 justify as an act of self-defense prevents that same act from being an act of self-defense. Id. at 1266.
Mr. Smith's counsel did not object to this instruction. This court has, however, consistently held that this instruction "essentially negates the defense and constitutes fundamental error when a defendant committed a single act and claimed self-defense." Velazquez v. State, 884 So.2d 377, 377-78 (Fla. 2d DCA 2004) (citing Zuniga v. State, 869 So.2d 1239 (Fla. 2d DCA 2004)); Baker v. State, 877 So.2d 856 (Fla. 2d DCA 2004). Until recently, every case addressing this issue had concluded the same. See Martinez, 933 So.2d at 1166 n. 2 (Green, J., dissenting).
In Martinez, however, a majority of a panel from the Third District concluded, based upon the facts of the case before them, that the giving of this instruction was not fundamental error. In reviewing the various cases on the subject, the majority concluded that "the appellate courts consistently have found fundamental error in those cases where the erroneous instruction negates the defendant's sole defense." Id. at 1166. Because the defendant in Martinez had presented numerous defenses in addition to self-defense and because the evidence presented regarding the various wounds inflicted on the victim was inconsistent with the defendant's theory of self-defense, the majority concluded that no fundamental error occurred. Id. at 1167.
In this case, we do not need to decide whether we agree with all of the discussion presented in Martinez regarding fundamental error. Under this court's prior precedent and the reasoning in Martinez, fundamental error occurred in this case. Self-defense was the only defense Smith asserted at trial. There was evidence to support that defense, and it was the sole focus of the closing arguments at trial. Based upon our precedent and the record in this case, we conclude that the giving of this jury instruction was fundamental error.
Reversed and remanded for a new trial.
SALCINES and LaROSE, JJ., concur.