938 So.2d 546 (2006)
ABRAHAM YISRAEL, Appellant,
v.
STATE OF FLORIDA, Appellee.
No. 4D04-2967.
District Court of Appeal of Florida, Fourth District.
August 16, 2006.
Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Thomas A. Palmer, Assistant Attorney General, West Palm Beach, for appellee.
EN BANC
FARMER, J.
Upon being found guilty of trafficking in cocaine and possession of a firearm by a convicted felon, defendant was sentenced as a habitual violent felony offender (HVFO). Without disputing the prior record conviction or the date on which he was last released from prison before the new offense, defendant objected to the form of the proof offered by the state to prove this predicate criminal history.[1] We affirm the HVFO sentence imposed[2] and recede from Sutton v. State, 929 So.2d 1105 (Fla. 4th DCA 2006), and any similar holdings.
As proof that defendant had been released from prison within the time required for the imposition of an HVFO sentence on the latest offense,[3] the State produced a letter from the Florida Department of Corrections (FDOC) stating:
I, Joyce Hobbs, Correctional Services Administrator, Central Records Office, State of Florida Department of Corrections, do hereby certify that this seal is the official seal of the Florida Department of Corrections. I also certify that the last release date for inmate Eugene Lumsden,[4] DC#647647, B/M, DOB: 4/1/1963, was April 8, 1998, for case #89-20162, Broward County, Florida.
Defendant argued that this document was hearsay, that it could not be considered by the trial court in sentencing, and that the State had therefore failed to establish the necessary predicate for an HVFO sentence. He relied on Gray v. State, 910 So.2d 867 (Fla. 1st DCA 2005), where the State offered an identical document to prove the date on which the defendant had been released from prison to establish his qualification as a Prison Releasee Reoffender (PRR).[5] Since his sentencing, this court followed Gray in Sutton, where the sentences were PRR and habitual felony offender (HFO).
In Gray, the defendant objected to an identical document on the grounds that it was not self-authenticating and did not fit within any hearsay exception. The First District agreed, Judge Benton stating:
[The FDOC official's] statement constituted hearsay, and the State proved no proper predicate for its admission under any exception to the rule excluding hearsay. The document fails to identify the official records on which it relied, if any, does not state that it is a true and correct representation of any record, and does not say where or in whose custody any original official or business records are kept.
910 So.2d at 869. The court added that:
"[w]here nothing more than inadmissible hearsay received over specific objection is adduced in order to prove a prison release date necessary for sentence enhancement, the enhanced sentence cannot withstand attack on direct appeal."
910 So.2d at 870. Judge Wolf concurred but pointed out:
"The computer printout while inartfully drafted reflects that a records custodian (records management analyst) certified that the records of the department indicated that the release date for the petitioner was September 30, 2000. The defense presented no evidence to the contrary. It is a waste of time, money, and judicial effort to require resentencing in this case."
910 So.2d at 870; see also Desue v. State, 908 So.2d 1116, 1117 (Fla. 1st DCA 2005) (holding that "Crime and Time Report," certified by FDOC custodian of records, was admissible because the custodian testified that the document "was an official document copied from [F]DOC records, that an inmate's admit and release dates are recorded at or near the time the inmate is jailed or released, as the case may be, and that records of inmates' release dates are kept in the ordinary course of [F]DOC's business").
FDOC has a statutory duty to "obtain and place in its records information as complete as practicable on every person who may be sentenced to supervision or incarceration under the jurisdiction of the department."[6] FDOC's duty encompasses information as to the precise charges for which the offender was convicted; the name of the court imposing sentence; the terms of the sentence; the names of the judge, investigating officers, and prosecuting and defending attorneys; and the offender's criminal record.[7]
Correspondingly, the statute imposes on the sentencing court and prosecuting officials the duty of providing FDOC with the necessary documents and information to enable FDOC to carry out its record-keeping duty.[8] To facilitate compliance, FDOC is authorized to requireand it has done sothat all courts complete a uniform commitment form for the state imprisonment of each person.[9] FDOC is also empowered to refuse to accept the commitment of any offender unless the committing authority furnishes the uniform commitment form, certified copies of the indictment or information, and the sentencing scoresheet.[10] When the sentence is about to expire, FDOC is required to give notice of the release of the offender to the Chief Judge and the State Attorney of the court of conviction and other specified persons.[11] Finally, FDOC is authorized by statute to adopt an official seal for the purpose of authenticating its official documents.[12] It is reasonable to conclude that the statutes have created a state agencyFDOCwhose records about the commitment, sentence and release date of every offender are to be presumed comprehensive, complete and accurate. Again, we note that in this case defendant does not challenge the accuracy of the records pertaining to him.[13]
We find that the letter in evidence was properly considered by the trial court as sufficient to establish the criminal history predicate for a recidivist-enhanced sentencein this instance under HVFO. The public records exception to the hearsay rule, in which the availability of the declarant is immaterial, allows the admission of:
"Records, reports, statements reduced to writing, or data compilations, in any form, of public offices or agencies, setting forth the activities of the office or agency, or matters observed pursuant to duty imposed by law as to matters which there was a duty to report, excluding in criminal cases matters observed by a police officer or other law enforcement personnel, unless the sources of information or other circumstances show their lack of trustworthiness." [e.s.]
§ 90.803(8), Fla. Stat. (2005). Here the letter statement specifies that it is given under seal. The declarant states that she is the Correctional Services Administrator for the Central Records Office of FDOC. She states that defendant (known by his other name) was last released on April 8, 1998, on a specific qualifying offense  which, it turns out, is within the statutorily prescribed period for sentencing under HVFO. We think that this statement by a named FDOC official is entitled to be recognized as a public record within the meaning of section 90.803(8). The document in question certainly constitutes a "statement or report reduced to writing" about an activity of a government agency, namely the date on which FDOC released a convict from imprisonment on a specific offense. We can think of no reason why it is not sufficient to establish the specific predicate fact regarding this defendant's criminal history relevant and necessary to sentencing under HVFO for his latest offense.[14]
In Sutton and Gray the use of an identical letter was primarily analyzed under the business records exception to the hearsay rule. But when a document from a public agency like FDOC satisfies the requirements for consideration as a public record, we think it is unnecessary to consider the requirements for the business record exception. The pertinent records of a public agency under a statutory duty to acquire and maintain records on a specific subject are entitled to recognition as being reliable and trustworthy by virtue thereof and do not require the additional safeguards required by the business records exception. For this purpose, the Legislature has given such public records a presumption of reliability and accuracy not deemed inherent in ordinary business records.
Under the facts and circumstances presented here, we do not perceive any necessity to read into the public records exception, a requirement that a statement under seal also attach copies or identify such physical papers or electronic data from which the declarant derived the criminal history information contained in the statement, namely a release date on a specific conviction. We recede from any holding or suggestion to the contrary in Sutton or any other case. See Rivera v. State, 877 So.2d 787, 790 (Fla. 4th DCA 2004), review denied, 888 So.2d 623 (Fla. 2004) (recognizing precedent where a prison records custodian's affidavit attesting to prison release date was admissible under the business records exception to the hearsay rule where State also connected defendant to conviction through testimony of deputy sheriff who fingerprinted offender for the conviction on which the prison release information was provided, but noting that in case under review, there was no evidence connecting appellant to conviction and affidavit of custodian was insufficient to meet requirements of business records exception).
We certify conflict with Gray v. State, 910 So.2d 867 (Fla. 1st DCA 2005).
Affirmed.
STEVENSON, C.J., GUNTHER, STONE, WARNER, POLEN, KLEIN, SHAHOOD, GROSS, TAYLOR and MAY, JJ., concur.
HAZOURI, J., recused.
Not final until disposition of timely filed motion for rehearing.
NOTES
[1] We affirm the trial court's order on the motion to suppress without comment. We reject the State's argument that the sentencing issue was not preserved for review in that defendant failed to object at the sentencing hearing. Defendant did in fact raise the issue in his timely rule 3.800(b)(2) motion to correct the sentence, and thus it has been preserved. Edison v. State, 848 So.2d 498, 499 (Fla. 2d DCA 2003) (holding that, although defendant did not object at sentencing hearing, error is preserved for review because issue was raised by filing rule 3.800(b)(2) motion to correct sentencing error).
[2] For the cocaine conviction, he was sentenced to life in prison, with a 15-year mandatory minimum. For the firearm conviction, he was sentenced to 30 years in prison, with a 10-year minimum mandatory.
[3] § 775.084(1)(b)2.b., Fla. Stat. (2005) ("The felony for which the defendant is to be sentenced was committed . . . within 5 years of the date of the conviction of the last prior enumerated felony, or within 5 years of the defendant's release from a prison sentence, probation, community control, control release, condition release, parole, or court-ordered or lawfully imposed supervision or other sentence that is imposed as a result of a prior conviction for an enumerated felony, whichever is later.").
[4] There is no dispute that Eugene Lumsden is an alias of appellant Abraham Yisrael.
[5] The document used in Gray read:

"I, Barbara K. Smith, Records Management Analyst, Central Records Office, State of Florida Department of Corrections, do hereby certify that this seal is the official seal of the Florida Department of Corrections. I also certify that the last release date for Inmate Maurice K. Gray, Jr., DC# 581630, W/M, DOB: 2/18/1968, was September 30, 2000, for Case # 94-1926, 94-1927, and 95-795, Lee County, Florida."
Gray, 910 So. 2d at 868-69.
[6] § 945.25(1), Fla. Stat. (2005).
[7] Id.
[8] § 945.25(2), Fla. Stat. (2005).
[9] § 944.17(4), Fla. Stat. (2005).
[10] § 944.17(5)(a), Fla. Stat. (2005).
[11] § 944.605, Fla. Stat. (2005).
[12] § 945.04(2), Fla. Stat. (2005).
[13] If FDOC's record had been erroneous, defendant could have disputed the inaccuracy by producing contrary evidence. See Love v. Garcia, 634 So.2d 158, 160 (Fla. 1994) (holding that burden is on party opposing introduction of records to overcome presumption of accuracy).
[14] Because this evidentiary fact relates to criminal historyand not to guilt for the offenseit does not involve a confrontation of witnesses issue under the Sixth Amendment.