942 So.2d 1013 (2006)
Mario Reyes ORTIZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-5338.
District Court of Appeal of Florida, Second District.
December 6, 2006.
*1014 Kimberly Nolen Hopkins, Tampa, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Elba Caridad Martin, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Judge.
Mario Reyes Ortiz appeals a judgment for aggravated battery with a firearm resulting in great bodily harm, asserting that the trial court committed fundamental error in providing a circular jury instruction on the justifiable use of force. We reverse based upon the controlling precedent of Smith v. State, 933 So.2d 1275 (Fla. 2d DCA 2006); see also Velazquez v. State, 884 So.2d 377, 377-78 (Fla. 2d DCA 2004) (citing Zuniga v. State, 869 So.2d 1239 (Fla. 2d DCA 2004)); Baker v. State, 877 So.2d 856 (Fla. 2d DCA 2004). We write to expressly reject the State's argument that the error was not fundamental because, as a matter of law, Mr. Ortiz was not entitled to an instruction on self-defense. See, e.g., Sutton v. State, 929 So.2d 1105 (Fla. 4th DCA 2006); Thomas v. State, 918 So.2d 327 (Fla. 1st DCA 2005).
The charges against Mr. Ortiz arose as a result of a familial dispute between Mr. Ortiz and Mr. Gologram, the adult son of Mr. Ortiz's girlfriend. On February 6, 2001, Mr. Ortiz and his girlfriend went to Mr. Gologram's home to deliver gifts to Mr. Gologram's child. Mr. Gologram did not like Mr. Ortiz and had in fact told his mother not to bring Mr. Ortiz to his home. When Mr. Ortiz and his girlfriend arrived at Mr. Gologram's home, the two men argued. They both pulled knives while Mr. Ortiz's girlfriend stood between them attempting to break up the fight. At some point, Mr. Ortiz reached into his car, retrieved a gun, and fired it at Mr. Gologram, hitting him in the leg. Mr. Ortiz testified that he did so because he thought Mr. Gologram was getting ready to throw his knife at Mr. Ortiz.
Mr. Ortiz clearly testified that he believed he was at risk of imminent great bodily harm when he drew the gun and shot Mr. Gologram. Although the facts necessary to determine whether that belief was reasonable were disputed, there were sufficient facts that could have supported a jury verdict concluding either that Mr. Ortiz acted in justifiable self-defense or that he did not.
The trial court gave the jury an instruction on the justifiable use of force. Unfortunately, it was the standard instruction, which is a "circular" instruction that incorrectly informs the jury that the use of *1015 force cannot be justified if it occurs while the defendant is committing the charged offense. We have repeatedly criticized this instruction and held it to be fundamental error.[1]See Smith, 933 So.2d 1275; Velazquez, 884 So.2d 377; Baker, 877 So.2d 856; Zuniga, 869 So.2d 1239.
Despite this body of precedent, the State argues that we should affirm the judgment based upon the reasoning in Sutton, 929 So.2d 1105, and Thomas, 918 So.2d 327. In these cases, the First and Fourth District Courts of Appeal concluded that no fundamental error occurred in the giving of the circular instruction on self-defense because, as a matter of law, the defendant had not presented evidence entitling him to a proper instruction on self-defense. This appears to rest on a conclusion that an error in an instruction on a defense is harmless so long as the defendant was not legally entitled to have the jury consider the defense.
Without deciding whether we agree with the analysis applied in Sutton and Thomas, we cannot agree that Mr. Ortiz was not, as a matter of law, entitled to a jury instruction on self-defense. A criminal defendant is entitled to have the jury instructed on his or her theory of defense if there is any evidence to support this theory. Upshaw v. State, 871 So.2d 1015, 1017 (Fla. 2d DCA 2004). Even though Mr. Ortiz's theory of self-defense and the evidence supporting it were debatable, given the testimony that Mr. Gologram was the aggressor, Mr. Ortiz was entitled to receive a legally adequate instruction on self-defense. We therefore reverse the judgment and sentence and remand for a new trial.
Reversed and remanded.
DAVIS and VILLANTI, JJ., Concur.
NOTES
[1] In fairness to the trial court, it should be observed that this case was tried in 2002 before this case law was well established. This appeal is the result of a successful petition alleging ineffective assistance of appellate counsel. See Ortiz v. State, 905 So.2d 1016 (Fla. 2d DCA 2005).