944 So.2d 513 (2006)
Steven Charles ROGERS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-2914.
District Court of Appeal of Florida, Fourth District.
December 20, 2006.
*514 Carey Haughwout, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Appellant, Steven Rogers, appeals the trial court's imposition of a habitual violent felony offender mandatory minimum sentence after finding him to be a prison releasee reoffender. Rogers pleaded no contest to one count of robbery, and the trial court sentenced him to thirty years in prison as a habitual violent felony offender, with a mandatory minimum of fifteen years as a prison releasee reoffender. Rogers filed a 3.800(b)(2) motion below, arguing that his sentences as a habitual violent felony offender and prison releasee reoffender were illegal, due to the State's failure to establish the requisite predicate offenses to classify him as a habitual violent felony offender, and its failure to adequately show the date of his release from prison. After reviewing the facts of the case, we agree. We reverse Rogers's sentence and remand with instructions for the trial court to hold another sentencing hearing and resentence Rogers.
After the entry of Rogers's plea, the trial court conducted a sentencing hearing. At the sentencing hearing, the State introduced evidence from a "Crime and Time" package. Rogers's fingerprints were matched to those on two fingerprint cards for previous crimes. The State also introduced a letter from a parole probation specialist which stated:
I ALSO CERTIFY that [Rogers] was received as a new commitment on 8-9-91 from St. Lucie County for the offense of Robbery with Deadly Weapon, Robbery With Firearm, Grand Theft for a term of eight (8) years. On 1-12-93 [Rogers] went out to court to Madison County. On 1-19-93 [Rogers] returned from court with a new sentence of Grand Theft Third Degree (Motor Vehicle), Grand Theft Third Degree (Firearm) for a term of two (2) years, six (6) months. On 11-21-99 [Rogers] was released by expiration of sentence to Probation Community Control to St. Lucie County.
The trial court took judicial notice of the package. A copy of the judgment from the second crime was introduced into evidence. The State also introduced evidence of a judgment for a violation of probation *515 on the first crime, using this to classify Rogers as a habitual violent felony offender. The trial court sentenced Rogers as detailed above.
After his sentence was handed down, Rogers filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion. In the motion, Rogers argued that one of the judgments put forth by the State was entered after the commission of the crime in the instant case, and did not meet the definition of a predicate offense. Moreover, Rogers argued that the other judgment put forth by the State was for a crime that was not one of the enumerated felonies found in section 775.084(1)(b), Florida Statutes, the statute controlling habitual violent felony offender classification. Rogers also argued that the State had not proven the date of his release from prison with competent substantial evidence.
The State requested a hearing on the matter. The trial court scheduled a hearing on Rogers's motion, but did not rule on the motion within the sixty-day time limit. Therefore, the motion was deemed denied by operation of law. See Fla. R.Crim. P. 3.800(b)(1)(B).
Section 775.084(1)(b), Florida Statutes, is the controlling statute for habitual violent felony offender classification. To be classified as a habitual violent felony offender, a defendant must have a prior conviction and sentence for one of the enumerated crimes listed in the statute, and must have committed the current crime either while serving another prison sentence, or within five years of the date of the prior conviction. § 775.084(1)(b), Fla. Stat. "[T]he State must provide record evidence of the date of the current felony offense, the date of the conviction for the last prior felony, and the date the defendant was released from any prison term or supervision imposed for the last felony conviction." Mitchell v. State, 780 So.2d 282, 283 (Fla. 4th DCA 2001).
After review of the record, we find merit in Rogers's arguments. First, the record indicates that one of the judgments considered in his classification as a habitual violent felony offender was handed down after the commission of the crime in the instant case. While the crime introduced into evidence took place in 1991, the sentence was handed down in 2000, following the commission of the crime in the current case. Therefore, this "prior" conviction does not meet the requirements of section 775.084(1)(b), Florida Statutes. Further, the other conviction introduced at trial was for a crime not enumerated in section 775.084(1)(b), Florida Statutes.
Second, there is a lack of competent record evidence as to the date of Rogers's release from prison. The only evidence that speaks to Rogers's release is a letter from a parole/probation specialist detailing his release date. While letters from certain state officials have been held to be public record sufficient to establish a release date, we find this letter does not meet the standard this court laid out in Yisrael v. State, 938 So.2d 546 (Fla. 4th DCA 2006). In Yisrael, the State introduced a letter from the Correctional Services Administrator for the Florida Department of Corrections, which detailed Yisrael's date of release and certified that the included seal was the official seal of the Florida Department of Corrections. Id. In this case, however, the letter was from a parole/probation specialist, rather than a Department administrator, and while the letterhead contains the seal of the Florida Department of Corrections, the specialist does not certify that it is the official seal. The State agrees with Rogers's argument on this point and agrees the sentence should be reversed and remanded for resentencing.
*516 We find that the State failed to prove the requisite predicate offenses required, and failed to meet the standard laid out in Yisrael in proving the date of Rogers's last release. We reverse and remand Rogers's sentence for the trial court to conduct a new sentencing hearing.
KLEIN and MAY, JJ., concur.