947 So.2d 1229 (2007)
Kenneth FLYNN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-5.
District Court of Appeal of Florida, Second District.
January 26, 2007.
Brooke V. Elvington of Escobar, Ramirez & Associates, P.A., Tampa, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Richard E. MacDonald, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Kenneth Flynn seeks review of his judgment and sentence for aggravated battery with great bodily harm. Flynn argues that the trial court erred in denying his motion for judgment of acquittal and that the trial court committed fundamental error in instructing the jury on self-defense. We conclude without further discussion that the State presented sufficient evidence of the crime. However, we reverse because the jury instruction constituted fundamental error.
Flynn was charged with aggravated battery with great bodily harm with a deadly weapon for allegedly striking the victim in the face with a pool stick during a barroom brawl in Hillsborough County. At the trial, the court gave the standard jury instruction on aggravated battery, which contains the forcible felony exception that this court has since held constitutes fundamental error when there is only one charged forcible felony. See York v. State, 932 So.2d 413, 415-16 (Fla. 2d DCA 2006); Houston v. State, 919 So.2d 489, 490 (Fla. 2d DCA 2005); Zuniga v. State, 869 So.2d 1239, 1240 (Fla. 2d DCA 2004). The State recognizes this line of cases but argues that there are two reasons that giving the forcible felony exception instruction did not constitute fundamental error in this case.
First, the State argues that giving the forcible felony exception instruction did not constitute fundamental error because self-defense was not the primary defense argued at trial. The State argues that Flynn's primary defense was that another person inflicted the serious injuries to the *1230 victim's face with a beer mug. In support of its argument on this issue, the State relies on the Third District's decision in Martinez v. State, 933 So.2d 1155 (Fla. 3d DCA 2006), in which the court concluded that giving the forcible felony exception instruction did not constitute fundamental error. In so doing, the Third District engaged in a lengthy and somewhat novel discussion regarding the application of fundamental error analysis to the forcible felony exception instruction that this court has not expressly adopted.
This is not the first time this argument has been made to this court. See Smith v. State, 933 So.2d 1275 (Fla. 2d DCA 2006). As we did in Smith, we decline to decide whether we agree with the fundamental error analysis employed in Martinez because that case is distinguishable. In Martinez, not only was self-defense not the defendant's primary defense, the defendant's primary defense was inconsistent with his defense of self-defense. 933 So.2d at 1167. Furthermore, the evidence presented regarding the victim's injuries in Martinez was also inconsistent with a theory of self-defense. In this case, Flynn's primary defense was not inconsistent with self-defense and neither was the evidence regarding the victim's injuries. Finally, the jury in Martinez had also found that the defendant had a premeditated intent to kill, which completely negated the defense of self-defense. Id. at 1175. Thus, even if this court were to utilize the fundamental error analysis employed in Martinez, we do not believe it would compel affirmance.
Second, the State argues that giving the forcible felony exception instruction did not constitute fundamental error because no reasonable jury would have determined that Flynn acted in self-defense. In support of its argument on this issue, the State relies on Sutton v. State, 929 So.2d 1105 (Fla. 4th DCA), receded from on other grounds, Yisrael v. State, 938 So.2d 546 (Fla. 4th DCA 2006); and Thomas v. State, 918 So.2d 327 (Fla. 1st DCA 2005). In each of these cases, the courts decided that giving the forcible felony exception instruction did not constitute fundamental error because the defendant was not entitled to the instruction on self-defense as a matter of law. In so doing, the courts engaged in a fundamental error analysis that this court has not expressly adopted.
Again, this is not the first time this argument has been made to this court. See Ortiz v. State, 942 So.2d 1013 (Fla. 2d DCA 2006). As we did in Ortiz, we decline to decide whether to agree with the fundamental error analyses employed by the Sutton and Thomas courts. Flynn presented sufficient evidence to support a jury instruction on self-defense in the form of testimony that the victim was the aggressor. Thus, even if this court were to utilize the fundamental error analyses employed in Sutton and Thomas, these cases would not compel affirmance.
Reversed and remanded for a new trial.
DAVIS and WALLACE, JJ., Concur.