969 So.2d 1117 (2007)
Eugene Fitzgerald BARNES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-2393.
District Court of Appeal of Florida, Fifth District.
November 9, 2007.
*1118 James S. Purdy, Public Defender, and Thomas J. Lukashow, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Eugene Fitzgerald Barnes was found guilty of attempted second-degree murder and sentenced to 25 years' imprisonment. We affirmed per curiam his conviction, sentence, and the denial of his rule 3.850 motion in Barnes v. State, 873 So.2d 337 (Fla. 5th DCA 2004), and Barnes v. State, 925 So.2d 1038 (Fla. 5th DCA 2006). In Barnes v. State, 932 So.2d 589 (Fla. 5th DCA 2006), we held that appellate counsel was ineffective for failing to raise the forcible felony exception instruction issue and granted a belated appeal. 932 So.2d at 590-91. On appeal, Barnes argues the instruction was fundamentally erroneous.
At trial, the court instructed the jury on the justifiable use of deadly force, but delivered the forcible felony exception instruction:
However, the use of force likely to cause death or great bodily harm is not justifiable if you find:
1. Eugene Fitzgerald Barnes was attempting to commit, committing or escaping after the commission of Attempted Murder and/or Aggravated Battery. . . .
The victims, Kenneth Brown and Queen Gordon, testified against Barnes. They knew Barnes since childhood. Brown and Gordon fell asleep in a car in front of her brother's house. After they woke up, Barnes pulled up, blocked their car with his, drew a gun, got out of the car, and began shooting Brown. Brown and Gordon escaped, but Brown sustained eight gunshot wounds and was hospitalized. Brown testified he did not have a firearm in his possession or in the car.
Barnes's story varied in most respects. According to Barnes, he had not seen Gordon and Brown in awhile, and pulled over to talk with them. When Barnes pulled up and opened his car door, Brown "came up with a gun and fired a shot at [him]." Barnes panicked and returned fire with an Uzi that he happened to have lying on his seat. Barnes had not exited his car when Brown fired; he had only one foot out of the car. When Brown fired, Barnes got out of his car, ducked behind the car door, and reached over the door to shoot back in self-defense. He did not know how many times he fired. After "blindly" firing an unknown number of shots, he ran around his car, asked Brown why he was shooting at him, jumped back into his car, and left. His car was not disabled, and he was not injured. Barnes's discussion of self-defense included this observation: "If a friend of yours goes up to you and splashed a cup of water in your face and you had one in your hand you would do the same thing, you would splash that cup of water. You would."
Barnes notes that Florida courts deem the forcible felony exception instruction to be fundamentally erroneous when the defendant is not charged with a separate forcible felony and claims self-defense. See Blanton v. State, 956 So.2d 480, 481-82 (Fla. 5th DCA 2007); Grier v. State, 928 So.2d 368 (Fla. 3d DCA 2006); Zuniga v. State, 869 So.2d 1239 (Fla. 2d DCA 2004); Barnes v. State, 868 So.2d 606 (Fla. 1st DCA 2004); Rich v. State, 858 So.2d 1210 (Fla. 4th DCA 2003). The mere fact that the self-defense claim borders absurdity is irrelevant. See Gilchrist v. State, 938 So.2d 654, 656-57 (Fla. 4th DCA 2006); Bevan v. State, 908 So.2d 524, 525 (Fla. 2d *1119 DCA 2005); Bates v. State, 883 So.2d 907, 907-08 (Fla. 2d DCA 2004).
The State acknowledges the case law against its position; nevertheless, it argues that several cases hold that the erroneous instruction does not cause fundamental error if the evidence adduced at trial does not support a self-defense instruction. See Sutton v. State, 929 So.2d 1105, 1107 (Fla. 4th DCA 2006), receded from on other grounds in Yisrael v. State, 938 So.2d 546 (Fla. 4th DCA 2006), rev. granted, 956 So.2d 458 (Fla.2007); Thomas v. State, 918 So.2d 327, 330 (Fla. 1st DCA 2005); Hickson v. State, 917 So.2d 939, 940-41 (Fla. 4th DCA 2005); Berrios v. State, 781 So.2d 455, 457 (Fla. 4th DCA 2001); but see Flynn v. State, 947 So.2d 1229, 1230 (Fla. 2d DCA 2007) (declining to answer whether court agreed with Sutton and Thomas analyses); Ortiz v. State, 942 So.2d 1013, 1015 (Fla. 2d DCA 2006) (same). Therefore, the State argues, if Barnes was not entitled to an instruction on self-defense as a matter of law, we should affirm. When the shooting occurred, Barnes had a duty to retreat in most situations before he could employ deadly force. Until October 2005, Florida required a person to retreat in most situations before deadly force could be employed. See § 776.013, Fla. Stat. (2005); Smiley v. State, 966 So.2d 330 (Fla.2007); Jenkins v. State, 942 So.2d 910, 914 (Fla. 2d DCA 2006). The State argues that, under Sutton, 929 So.2d 1105, and Thomas, 918 So.2d 327, Barnes was obligated to drive away, rather than return fire.
However, this case is distinguishable from Thomas, 918 So.2d 327, and Sutton, 929 So.2d at 1107. Thomas beat the defendant while unconscious, went to a car to obtain a firearm, and shot the two assailants whom he knew to be unarmed. 918 So.2d at 328. As a result, he was not entitled to a self-defense instruction as a matter of law, so the forcible felony exception instruction did not cause fundamental error. Id. at 330. The Sutton court reached the same result after noting that the defendant could not establish his life was in imminent danger and that he could not have safely retreated. 929 So.2d at 1107. In that case, the court observed:
[T]here was no evidence adduced to indicate that [the victim] was in possession of a weapon, [or] that [the victim] was going to retrieve a weapon inside the house or that Sutton was in imminent danger. . . . [Sutton's] own statement reflects that each time he fired the handgun after the warning shot it was not in self-defense but due either to his inability to control the trigger or his stumbling over stones. . . .
Id.
Berrios, 781 So.2d 455, is also instructive. There, the court held that it was unreasonable for the defendant to resort to deadly force when he could simply drive away. However, the court relied on the fact that the victim approached the defendant with "a knife and not a firearm" to find the defendant's use of deadly force to be unreasonable. Id. at 457. Here, Barnes testified that Brown first opened fire, and that Barnes panicked and returned fire in self-defense. Whether a person in his position may have felt he could not safely retreat under fire, like the reasonableness of his belief that his use of deadly force was necessary, was a question for the jury. See Wilson v. State, 765 So.2d 950, 951 (Fla. 5th DCA 2000); see also Dias v. State, 812 So.2d 487, 491 (Fla. 4th DCA 2002).
The most closely analogous case is Ortiz, 942 So.2d 1013, where the court considered the same instruction and rejected the State's suggestion that the defendant was not entitled to a self-defense instruction under Sutton and Thomas. Id. at 1014. There, the defendant and the victim fought each other with knives. Id. *1120 Then, "[the defendant] reached into his car, retrieved a gun, and fired it at [the victim]. . . . [The defendant] testified that he did so because he thought [the victim] was getting ready to throw his knife. . . ." Id. Ortiz's testimony "that he believed he was at risk of great bodily harm when he used the pistol" provided sufficient support for a jury to find that he acted in justifiable self-defense. Id. Therefore, the court could not agree that the defendant was not, as a matter of law, entitled to a self-defense instruction. Id. at 1015. Defendants are entitled to instructions on their theories of defense where any evidence supported their theories. Thus, although the defendant's theory and supporting evidence were questionable, he was entitled to a legally adequate self-defense instruction. Id. We agree with that reasoning.
Accordingly, we reverse Barnes's conviction and sentence. As we did in Sloss v. State, 965 So.2d 1204 (Fla. 5th DCA 2007); Blanton, 956 So.2d at 482; Slattery v. State, 32 Fla. L. Weekly D305, ___ So.2d ___, 2007 WL 186947 (Fla. 5th DCA Jan. 26, 2007), and Zinnerman v. State, 942 So.2d 932, 933 (Fla. 5th DCA 2006), we certify the following question as a matter of great public importance to the Florida Supreme Court:
DOES FUNDAMENTAL ERROR OCCUR WHEN AN ERRONEOUS JURY INSTRUCTION RELATES ONLY TO AN AFFIRMATIVE DEFENSE AND NOT TO AN ESSENTIAL ELEMENT OF THE CRIME?
REVERSED and REMANDED; QUESTION CERTIFIED.
PALMER, C.J., and SAWAYA, J., concur.