753 So.2d 628 (2000)
Cedric GUION, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-467.
District Court of Appeal of Florida, Fifth District.
February 25, 2000.
Rehearing Denied April 7, 2000.
*629 Eric J. Dirga, P.A., Orlando, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Cedric Guion appeals his sentences as an habitual violent offender pursuant to section 775.084, Florida Statutes (1997). Guion asserts that an Alabama conviction for second degree robbery does not qualify as a prior offense to habitualize and that the state failed to show that he was the subject of that conviction. We affirm.
Guion argues that the state never established that the predicate Alabama conviction used to classify him as an habitual violent felony offender was a "qualified" offense pursuant to section 775.084, Florida Statutes (1999). Subsection 775.084(1)(d) provides:
"Qualified offense" means any offense, substantially similar in elements and penalties to an offense in this state, which is in violation of a law of any other jurisdiction, whether that of another state, the District of Columbia, the United States or any possession of territory thereof, or any foreign jurisdiction, that was punishable under the law of such jurisdiction at the time of its commission by the defendant by death or imprisonment exceeding 1 year.
The Alabama conviction was for the offense of robbery in the second degree. The required elements for robbery in the second degree under the Alabama Criminal code, section 13A-8-42, are:
§ 13A-8-42. Robbery in the second degree.
(a) A person commits the crime of robbery in the second degree if he violates section 13A-8-43 and he is aided by another person actually present.
(b) Robbery in the second degree is a Class B felony. (Acts 1977, No. 607, p. 812, § 3306)
Section 13A-8-43 provides:
§ 13A-8-43. Robbery in the third degree.
(a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
(1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
(2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.
(b) Robbery in the third degree is a Class C felony. (Acts 1977, No. 607, p. 812, § 3307.)
The substantively similar Florida Statute on robbery is section 812.13, Florida Statutes (1997), and provides:

*630 (1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
Both the Florida and Alabama robbery offenses require the taking of another's property by force or threat of force, and the penalty for both offenses is imprisonment exceeding one year. Specifically, the penalty under Florida's robbery statute as a second degree felony is 15 years. §§ 812.13(2)(c); 775.082(3)(c), Fla. Stat. (1997). Similarly, Guion received a 15 year sentence for his Alabama conviction for second degree robbery. The state sufficiently established that the predicate Alabama conviction was a "qualified" offense under the habitual violent offender statute because it carried its burden of showing that the elements and the penalties are substantially similar to the Florida robbery offense. § 775.084(1)(d), Fla. Stat. (1997).
Guion argues further that because the state indicated that it would identify him through use of an expert on fingerprint analysis and failed to call the expert, it failed to prove that he was the subject in the Alabama conviction. We disagree. Fingerprint analysis is only one way to prove identity. The state provided the court with a copy of the Alabama judgment which bore both Guion's name and social security number. By doing so, the state met its burden and the burden shifted to Guion to offer evidence of mistaken identity.
AFFIRMED.
W. SHARP, PETERSON and GRIFFIN, JJ., concur.