768 So.2d 494 (2000)
Timothy WENCEL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-244.
District Court of Appeal of Florida, Fourth District.
August 23, 2000.
Rehearing Denied October 17, 2000.
Richard L. Jorandby, Public Defender, and Steven H. Malone and Margaret Good-Earnest, Assistant Public Defenders, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
BAILEY, Jennifer D., Associate Judge.
Timothy J. Wencel appeals from his conviction after trial by jury. Wencel was charged with armed burglary of the Humphreys home, attempted armed burglary of the McHam home, attempted armed burglary of the Capps home, attempted armed burglary of the Kranz home, and possession of drug paraphernalia. The charges arose from a series of attempted burglaries and burglary within a particular neighborhood in Fort Pierce between 2:30 a.m. and 4:00 a.m. on the morning of February 19, 1998.
The state dropped the Kranz charge prior to trial. The remaining charges were tried. The jury found Wencel guilty of armed burglary of the Humphreys home, as charged. However, on the McHam charge, the jury convicted Wencel on the lesser-included charge of trespass while armed. They acquitted Wencel on the charge of attempted armed burglary on the Capps home. Wencel was convicted of possession of drug paraphernalia.
Wencel was sentenced pursuant to the Prison Release Reoffender Act, section 775.082(8)(a)1, Florida Statutes, (1997)[1], to life in prison on the armed burglary conviction and concurrent five year sentences on the remaining counts. This appeal follows.
Wencel appeals a number of issues which arose during testimony and closing *495 argument. We find these errors to be non-prejudicial. See § 924.51, Fla. Stat. (1999). The jury's verdict, which included an acquittal on one charge and conviction of the lesser-included offense on another, belies its being swept away by sympathy or prejudice.
Wencel also appeals his life sentence as a Prison Release Reoffender. Florida Statute section 775.082(8), the "Prison Release Reoffender Act," imposes sentencing consequences on persons who commit or attempt to commit certain felonies, including armed burglary, within three years of being released from a state correctional facility. The state produced Florida Department of Corrections certification that Wencel was released from prison on March 14, 1996, within two years of this armed burglary. The Department of Corrections certification included a Florida Department of Corrections identification photograph, fingerprints and the date of birth of the release. Wencel argues that there was insufficient proof of his identity and status, asserting that there was no expert testimony that the fingerprints were his. The trial judge overruled the objection. The trial court found it had the ability to eyeball Mr. Wencel and recognize him as being the person in the identification photograph, and taken with other corroborating information such as date of birth, found that this met the preponderance of the evidence standard required of the state. See § 775.089(8)(a)3, Fla. Stat. (1997).
We agree with the trial court's ruling that expert fingerprint comparison testimony is not essential for Prison Release Reoffenders' sentencing. The state is not required to provide fingerprint identification to meet its burden of proof on sentencing under section 775.082(8)(a)3, as is specifically required by statute for habitual offender sentencing under section 775.084(3)(e). To carry its burden of proof under the Prisoner Release Reoffender Act, the state must only prove that the defendant and the releasee identified by the Florida Department of Corrections are one and the same person by the preponderance of the evidence, and it may do so through photographic evidence. The defendant may then offer evidence to rebut the state's proof. See Rollinson v. State, 743 So.2d 585 (Fla. 4th DCA 1999), review granted, No. SC96713, 761 So.2d 331 (Fla. Apr.12, 2000).
Wencel also raises issues of the constitutionality of the Prison Release Reoffender Act. He asserts the act violates the ex post facto rule, an argument previously rejected by this court in Young v. State, 719 So.2d 1010 (Fla. 4th DCA 1998), review denied, 727 So.2d 915 (Fla.1999), and most recently in Rollinson v. State, 743 So.2d 585 (Fla. 4th DCA 1999). His arguments on substantive due process, and cruel and unusual punishment have also been rejected in prior cases. See Edwards v. State, 753 So.2d 578 (Fla. 4th DCA 1999); Jennings v. State, 744 So.2d 1126 (Fla. 4th DCA 1999); Rollinson, 743 So.2d at 588-89. The question of whether the act violates the single subject rule of Article III, Section 6 of the Florida Constitution has also been addressed in Rollinson, 743 So.2d at 588, and Young, 719 So.2d at 1011-12.
Wencel also charges that the act violates the separation of powers clause of the Florida Constitution. This issue has recently been addressed and rejected by the Florida Supreme Court in State v. Cotton, 769 So.2d 345 (Fla.2000). See also Simmons v. State, 762 So.2d 913 (Fla.2000).
AFFIRMED.
STEVENSON and GROSS, JJ., concur.
NOTES
[1] The 1998 Supplement to this section has been renumbered from section 775.082(8) to section 775.082(9). See Ch. 98-204, § 10, at 1966, Laws of Fla.