POLEN, C.J.
Mark Ward timely appeals after a jury, in a bifurcated proceeding, convicted him of driving under the influence (DUI). The trial court determined the felony portion of this DUI charge. He argues his conviction for DUI should be reduced to a misdemeanor because the trial court convicted him without a certified copy of a prior conviction. We disagree, and therefore affirm Ward’s conviction and sentence.
Ward was charged with felony DUI and misdemeanor driving under a suspended license (DUS). He pled guilty to the DUS charge, and proceeded to a bifurcated trial on the DUI charge. The state’s information alleged he had been convicted of DUI three times in the past-in 1986, 1989, and 1995. The state presented certified copies of the 1986 and 1995 convictions and testimony from a fingerprint examiner who confirmed the fingerprints from these two convictions matched Ward’s.
The state asked the trial court to take judicial notice of the court file in the 1989 DUI case, which it did. The court file contained a booking photograph which resembled Ward, a probable cause affidavit which indicated the arrestee shared Ward’s physical description and birth date, and other documents which indicated that the arrestee shared Ward’s current and 1995 employer, as well as his address. In addition, the signature on the plea sheet in that case matched Ward’s in the instant case. Moreover, the suspension imposed for this 1989 conviction was for 5 years, which the state noted could only be imposed for a second DUI conviction, and it noted that the 10-year suspension imposed in 1995 meant it was Ward’s third conviction. The state also introduced Ward’s driving record.
Ward objected on the grounds that the evidence provided by the state was insufficient to prove this third prior conviction beyond a reasonable doubt. He argued the state needed to show his fingerprints matched those in the 1989 case. The trial court rejected this argument and found that there were “other sufficient indicia” that showed beyond a reasonable doubt that Ward pled no contest to this second DUI charge in 1989. It then found him guilty of felony DUI. He later moved for a new trial on the same grounds as his prior objection, but the court denied the motion.
A defendant convicted of DUI without property damage or injury to a person is guilty of a second degree misdemeanor. See §§ 316.193, 775.081(2), Fla. Stat. (1999). However, upon a defendant’s fourth or subsequent DUI conviction, he is guilty of a third degree felony. § 316.193(2)(b), Fla. Stat. (1999). The existence of the three or more prior DUI convictions is an essential element of felony DUI and, therefore, must be proven beyond a reasonable doubt. State v. Rodriguez, 575 So.2d 1262 (Fla.1991). Ward contends that the state did not provide competent substantial evidence that he had three, as opposed to two, prior DUI convictions and, thus, that it did not prove this element of section 316.193(2)(b) beyond a reasonable doubt.
*810 The evidence, when viewed in a light most favorable to the state, is sufficient to support that the 1989 conviction was his beyond a reasonable doubt. This court has held that “driving records, as distinguished from proper proof such as admissions, stipulations, or certified copies of convictions, are not sufficiently reliable to prove a defendant’s prior record.” Jackson v. State, 788 So.2d 373, 374 (Fla. 4th DCA 2001)(on reh’g) (citations omitted); State v. Pelicane, 729 So.2d 534, 535 (Fla. 3d DCA)(holding electronic docketing sheet “only tends to link the defendant to the conviction by the fact that the name on the docket sheet matches the defendant’s name. This is clearly insufficient.”), rev. den, 740 So.2d 529 (Fla.1999).
In this case, however, the judge had evidence that went beyond copies of driving records or computer printouts. The state had moved the court to take judicial notice of the entire court file from appellant’s 1989 conviction, as provided in section 90.202(6), Florida Statutes. Appellant does not argue any abuse of discretion in the court so taking judicial notice — only that the evidence was insufficient to meet the state’s burden. Because the court file from the prior 1989 conviction provided the evidence detailed above[1], which clearly pointed to the appellant as being the same person who was convicted of DUI in 1989, together with the inference it was a second DUI conviction because of the five-year suspension, constitutes a basis for the fact-finder to determine this was a fourth DUI, beyond a reasonable doubt.
As to appellant’s second issue, that it was error for the trial judge to conduct the second part of the bifurcated proceedings — whether there were three or more prior convictions for DUI — without a jury, we agree with the appellee that appellant waived this issue before the trial court. See, e.g., Harbaugh v. State, 711 So.2d 77 (Fla. 4th DCA 1998).
AFFIRMED.
STONE and STEVENSON, JJ., concur.

. We cannot determine, from the record before us, why the 1989 court file did not contain a certified copy of appellant's second DUI conviction.