FARMER, C.J.
At defendant’s trial on felony driving while license suspended (DWLS) the state adduced evidence of two prior convictions of DWLS. One of the two convictions, however, in 1995 did not satisfy our decision in Badger v. State, 798 So.2d 890 (Fla. 4th DCA 2001), because the statute then did not require the element of knowledge. The state argued that the trial judge could accept the DMV driving record as sufficient proof that defendant had another conviction in 1998. The trial court later found defendant guilty of felony DWLS, saying that the evidence established two post 1997 convictions. We reverse.
In Ward v. State, 807 So.2d 808 (Fla. 4th DCA 2002), involving a conviction under the felony DUI statute — which is functionally identical to the felony DWLS statute — we sustained a conviction even though all the required past offenses were not proven with certified copies of the judgments of conviction. We did so because the state supported the evidence of the defendant’s DMV driving record with other reliable evidence of the conviction.[1]
In the present case there is no such corroborative evidence of any prior DWLS conviction except for the 2000 conviction. We approved the additional evidence as sufficient in Ward and would do the same if similar evidence had been adduced in this case. Nevertheless we wish to make clear that the safest course is for the state to adduce certified copies of the prior qualifying convictions. Relying on the sufficiency of .other evidence to prove qualifying convictions for felony driving offenses needlessly runs the risk of a reversal. It is much the best for the state to adduce its own official records, the certified copies of the convictions themselves.
We therefore reverse for a new trial.
KLEIN and SHAHOOD, JJ., concur.

*7
On Motion for Clarification

PER CURIAM.
We grant defendant’s motion for “clarification” and now correct our opinion to specify that the case is remanded only for resentencing on the lesser offense rather than for a retrial.
FARMER, C.J., KLEIN and SHAHOOD, JJ., concur.

. "The court file contained a booking photograph which resembled Ward, a probable cause affidavit which indicated the arrestee shared Ward's physical description and birth date, and other documents which indicated that the arrestee shared Ward's current and 1995 employer, as well as his address. In addition, the signature on the plea sheet in that case matched Ward’s in the instant case. Moreover, the suspension imposed for this 1989 conviction was for 5 years, which the state noted could be imposed only for a second DUI conviction, and it noted that the 10-year suspension imposed in 1995 meant it was Ward’s third Conviction.” Ward, 807 So.2d at 809.