936 So.2d 672 (2006)
Ernest JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-2854.
District Court of Appeal of Florida, Fourth District.
July 26, 2006.
*673 Victoria Vilchez of Victoria Vilchez & Associates, P.A., West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Thomas A. Palmer, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION TO SET ASIDE MANDATE
WARNER, J.
We grant the motion to set aside mandate, withdraw our prior opinion and substitute the following in its place.
We affirm the conviction and sentence of appellant for second degree murder with a firearm. The appellant contends that his conviction should be reversed because it was based entirely on circumstantial evidence which did not refute the appellant's reasonable hypothesis of innocence. We conclude that this was not a circumstantial evidence case, and even if it were, the evidence easily overcomes any reasonable hypothesis of innocence. With respect to his sentence, we also conclude that the trial court did not err in considering two prior convictions proved by a photograph of the appellant and not by fingerprints.
"[C]ourts should not grant a motion for judgment of acquittal unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law." Lynch v. State, 293 So.2d 44, 45 (Fla.1974). A special standard of review applies, however, when proof of the offense depends entirely on circumstantial evidence. Boyd v. State, 910 So.2d 167, 180 (Fla.2005). In such a case, a motion for judgment of acquittal should be granted "if the state fails to present evidence from which the jury can exclude every reasonable hypothesis except that of guilt." State v. Law, 559 So.2d 187, 188 (Fla.1989).
The appellant argues that the case against him was entirely circumstantial because there was no confession, and none of the state's eyewitnesses saw a gun or specifically testified that they saw the appellant shoot the victim. Contrary to the appellant's position, there was "direct" evidence that the appellant shot the victim. An eyewitness testified that she saw the appellant's arm extended toward the victim and further saw smoke and sparks come from the appellant's hand. The victim dropped to the ground and died. This constitutes direct evidence that the appellant caused the victim's death even though no gun was found and no other physical evidence tied the appellant to the crime.
In the present case, two eyewitnesses testified that they saw the appellant extend his arm and hand toward the victim's head. One witness, Tanya, testified that she saw the appellant's hand "jump" during two shots. Furthermore, another witness, Leona, testified that she saw smoke and sparks of fire coming from the appellant's hand and that the appellant was holding something silver in his hand. Leona testified that she saw the appellant then walk to the front of the victim and again saw smoke and sparks coming from his hand. Moreover, Leona testified that she heard the appellant say, "That's for my brother."
Quite simply, there is no reasonable hypothesis of innocence consistent with the following evidence presented by the state: 1) the appellant extended his arm and hand toward the victim's head while holding a silver object; 2) the eyewitnesses heard several sounds consistent with gunfire; 3) the appellant's hand was observed "jumping" with smoke and sparks coming out; and 4) the victim fell over and died. The state therefore presented sufficient *674 evidence from which the jury could exclude every reasonable hypothesis of innocence. While the credibility of many of the witnesses was severely tested at trial, the state still presented a prima facie case, and the appellant has not suggested what his reasonable hypothesis of innocence is. We assume that his claim is that he was not the shooter, but multiple witnesses testified that he was at the scene, and other witnesses testified as to remarks he made there. The appellant's challenge to his conviction is meritless.
As to his sentence, the appellant contends that the court erred in considering two prior convictions on his scoresheet, because they were not proved by fingerprints to be his convictions. Although the fingerprints on the judgment could not be compared to the appellant's current prints, the Department of Corrections' fingerprint card for these offenses also contained a photo identification of the appellant. Because of the photo identification, the state carried its burden of proof on the issue. See Wencel v. State, 768 So.2d 494 (Fla. 4th DCA 2000) (holding that the state carried its burden of proof under the Prison Releasee Reoffender Act through photographic evidence rather than fingerprint comparison). The appellant could have presented evidence to rebut the state's proof, but he chose not to do so. Therefore, the trial court did not err in relying on the identification evidence presented.
Affirmed.
GROSS and HAZOURI, JJ., concur.