990 So.2d 1162 (2008)
Datoral SMITH, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-2661.
District Court of Appeal of Florida, Third District.
September 10, 2008.
*1163 Bennett H. Brummer, Public Defender, and Jessica Zagier, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Heidi Milan Caballero, Assistant Attorney General, for appellee.
Before GREEN, SHEPHERD, and LAGOA, JJ.
LAGOA, J.
The appellant, Datoral Smith ("Smith"), appeals his conviction for robbery, false imprisonment, and burglary. Smith also appeals his sentence as a prison releasee reoffender. For the reasons set forth below, we affirm Smith's convictions and sentence.
On appeal, Smith raises three issues. First, Smith argues that statements made by the prosecutor in closing argument, when viewed in their totality, deprived him of a fair trial and warrant reversal. We find no merit to Smith's argument. In order to preserve an issue for appellate review, counsel must contemporaneously object to improper comments. If a comment is unobjected-to, it must rise to the level of fundamental error. In reviewing whether a defendant received a fair trial, we look to the cumulative effect of objected-to and unobjected-to comments. See Brooks v. State, 762 So.2d 879, 898-99 (Fla.2000). We will not overturn a trial court's discretion in controlling closing statements absent an abuse of discretion. *1164 See Dufour v. State, 905 So.2d 42, 64 (Fla.2005). In the instant case, we do not find that the prosecutor's objected-to or unobjected-to arguments when viewed as a whole, cumulatively resulted in error. Accordingly, on this issue, we affirm Smith's conviction.
Second, Smith contends that the trial court erred in instructing the jury that the law did not permit him to read back testimony. Specifically, the trial court instructed the jury:
I will caution you, as I did earlier in the trial, that we do not have a simultaneous transcript of these proceedings. If you have a question regarding the facts, I will tell you that the jury must rely upon its recollection of the evidence. We cannot reopen the case or give you any further evidence to clear up any doubts. If you have a question regarding the law, the answer that I will give is that the jury has all the law that pertains to this case in those instructions. There are no other laws that apply to this case.
Because the record shows that Smith did not object to the instruction, we conclude that this instruction cannot result in reversal unless it constituted fundamental error. See Castor v. State, 365 So.2d 701, 703 (Fla.1978) ("The requirement of a contemporaneous objection is based on practical necessity and basic fairness in the operation of a judicial system. It places the trial judge on notice that error may have been committed, and provides him an opportunity to correct it at an early stage of the proceedings."). While we agree that it was error to discourage the jury from requesting a read-back of testimony, we cannot conclude that the error so vitiated the defendant's right to a fair trial that it constituted fundamental error. See Davis v. State, 760 So.2d 977, 978 (Fla. 3d DCA 2000); Diaz v. State, 567 So.2d 18, 19 (Fla. 3d DCA 1990); Farrow v. State, 573 So.2d 161, 163 (Fla. 4th DCA 1991); see also Fla. R.Crim. P. 3.410.
Third, Smith argues that the trial court erred in sentencing him as a prison releasee reoffender, pursuant to section 775.082(9), Florida Statutes (2006). In order to seek the imposition of a prison releasee reoffender sentence, the State must establish by a preponderance of the evidence that the defendant qualifies as a prison releasee reoffender. See § 775.082(9)(a)3, Fla. Stat. (2006). To qualify as a prison releasee reoffender, the defendant must have committed or attempted to commit certain felonies, such as robbery, "within 3 years after being released from a state correctional facility operated by the Department of Corrections...." § 775.082(9)(a)1, Fla. Stat. (2006). Smith contends that the State presented no competent evidence to demonstrate that he had been released from a state correctional facility within three years prior to October 6, 2005, the date of the offense in this case. We disagree.
At the sentencing hearing, the State introduced into evidence a Certification of Records from the Florida Department of Corrections (the "Department"), which attached a computer data record consisting of six pages.[1] These computer records are *1165 commonly referred to as "Crime and Time Reports" and the Department produces these reports "as a regular practice in the ordinary course of its businessi.e., its statutorily mandated duty to keep track of its inmate population." Yisrael v. State, 986 So.2d 491, 498 (Fla.2008). Crime and Time Reports detail a defendant's intakes, incarcerations, assignments, and release dates.
In this case, the Crime and Time Report admitted into evidence established that Smith was released from prison on October 17, 2003. In Yisrael, the Florida Supreme Court held that a properly authenticated Crime and Time Report issued by the Department of Corrections is admissible as a public or business record, and may be utilized to establish a defendant's release date. The two permissible means of authenticating a Crime and Time Report are as follows: "(1) business records certification under sections 90.803(6)(c) and 90.902(11); or (2) public records authentication under seal as provided by section 90.902(1)." Id. at 501. Because the Department's records custodian supplied a certification that complied with sections 90.803(6) and 90.902(11), Florida Statutes (2006), the Crime and Time Report at issue in this case was admissible as a business record. See id.; Parker v. State, 973 So.2d 1167, 1168-69 (Fla. 1st DCA 2007). As such, we find that the State met its burden of proof and established by a preponderance of the evidence that Smith committed a robbery within three years of being released from a state correctional facility, and therefore qualified for treatment as a prison releasee reoffender.
Finally, we find no merit in Smith's argument on appeal that the trial court erred in relying on a photograph introduced by the State to establish that Smith was the same Datoral Smith reflected in the Crime and Time Report. In order to prove that the defendant and the releasee identified by the Department are one and the same person for purposes of sentencing as a prison releasee reoffender, the State may meet its burden of proof through the use of photographic evidence. See Wencel v. State, 768 So.2d 494, 495 (Fla. 4th DCA 2000). Moreover, once the State has met its burden, "[t]he defendant may then offer evidence to rebut the state's proof." Id.
Here, the photograph was a copy of the photo identification card maintained by the Department as part of its Inmate Records Imaging System ("IRIS").[2] The copy of the photo identification card was attached to a document on Department letterhead that certified, under seal, that the photograph *1166 was a correct copy of the document located in the file of "DATORAL SMITH, DC# M07906" as it appeared in the Department's official records. The State submitted the photo identification card and attached certification with the Crime and Time Report as one combined record during Smith's sentencing proceeding. The information contained in the photo identification card corresponded to the following information found in the Crime and Time Report: (1) name (Datoral Smith); (2) date of birth (8/12/1978); (3) inmate identification number (M07906); and (4) release date (10/17/2003). Additionally, the trial court also determined that the photograph introduced into evidence by the State was a picture of the same individual before him for purposes of sentencing. See Johnson v. State, 936 So.2d 672, 674 (Fla. 4th DCA 2006) (finding that State met its burden of proof by submitting record that contained a photograph of the defendant, which was sufficient to prove identity for purposes of sentencing); Wencel, 768 So.2d at 495 ("trial court found it had the ability to eyeball [defendant] and recognize him as being the person in the identification photograph, and taken with other corroborating information such as date of birth, found that this met the preponderance of the evidence standard required of the state" for sentencing as a prison releasee reoffender). Lastly, we note that the trial court afforded Smith the opportunity to rebut the State's proof and Smith chose not to do so.
Accordingly, for the foregoing reasons, we affirm Smith's convictions and sentence.
Affirmed.
NOTES
[1] The Certification of Records introduced by the State provided as follows:

I, Ramona Cox-Pye, hereby certify that I am a custodian of records of the Florida Department of Corrections, .... Pursuant to sections 90.803(6), 90.803(8), and 90.902(11), Florida Statutes, I hereby certify the following:
a) that as part of my regular duties I maintain custody and control of the official records of the Florida Department of Corrections.
b) that the attached DC14 computer data record of DATORAL SMITH, DC No. M07906 consisting of 6 pages reflects entries of information that were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person having knowledge of those matters.
c) that it is the regular practice of the Florida Department of Corrections to make, keep, and maintain the attached computer data during the course of regularly conducted business,
d) and that the attached computer data record is a true and correct copy of the original record contained in the official records of the Florida Department of Corrections maintained pursuant to Section 945.25.
Pursuant to Section 92.525, Florida Statutes, I state under the penalties of perjury that I have read the foregoing certification and the facts stated in it are true.
[2] In addition to the photographs, the photo identification card contained the following information: (1) defendant's name (Datoral Smith); (2) his inmate identification number, MO7906; (3) his date of birth, 08/12/1978; (4) his sentence date, 05/15/2003; (5) his convictions for aggravated assault with weapon and possession of firearm by convicted felon; (6) place of birth (Miami, Florida); and (7) physical descriptions relating to height, weight, build, hair, eyes, complexion and other marks or scars.