WARNER, J.
Convicted of being a principal to burglary of a structure, appellant contended that he had no intent to engage in a burglary. He claims that the state failed to introduce evidence inconsistent with his reasonable hypothesis of innocence, namely that he did not intend to engage in a burglary. We affirm, as the state introduced compe *307 tent substantial evidence inconsistent with his hypothesis of evidence, when viewed in a light most favorable to the state. We also affirm his sentence over his objection that the state failed to prove that he qualified as a violent career criminal.
As the court said in State v. Law, 559 So.2d 187, 189 (Fla.1989), on a motion for judgment of acquittal:
It is the trial judge’s proper task to review the evidence to determine the presence or absence of competent evidence from which the jury could infer guilt to the exclusion of all other inferences. That view of the evidence must be taken in the light most favorable to the state. The state is not required to “rebut conclusively every possible variation” of events which could be inferred from the evidence, but only to introduce competent evidence which is inconsistent with the defendant’s theory of events. Once that threshold burden is met, it becomes the jury’s duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt.
(citations and footnote omitted). The question of whether the evidence fails to exclude all reasonable hypotheses of innocence is for the jury to determine, and an appellate court will not reverse where there is substantial, competent evidence to support the jury verdict. Darling v. State, 808 So.2d 145, 155 (Fla.2002).
Appellant claims that the state’s circumstantial evidence failed to prove that he acted with the intent to commit the crime of burglary of a structure as a principal. However, an examination of the evidence taken in the light most favorable to the state shows that the state presented evidence inconsistent with his claim that he had no intent to participate in the burglary.
On the day of the incident, Shawn Holmes observed a green pickup truck pull into the driveway of the trailer belonging to his neighbor who was not home. The truck turned around in the driveway and positioned itself so that it was heading back out of the driveway. Two young males got out of the passenger’s side, looked around, and entered the porch of the trailer. The driver, appellant, remained in the vehicle, with the motor running and the passenger door open, while the youths entered the trailer by breaking the latch and door frame with a crowbar.
Holmes alerted his roommate Joseph Bradford to the incident, and Bradford went over to confront the individuals. Bradford yelled the tag number of the pickup truck to Holmes who in turn told the 911 dispatcher. At this point, the driver of the pickup truck honked the horn twice. The youths came around from the back of the trailer, and Bradford observed that they had a crowbar. The youths got into the truck and drove off.
Sheriffs deputies responded to the 911 dispatch and later discovered the truck, registered to the appellant, at a home where appellant and one of the youths were apprehended. The other youth was apprehended in a nearby apartment. Appellant consented to the search of his vehicle, and the deputy discovered a crowbar.
After being Mirandized, appellant claimed that he had picked up two homeless boys and offered them a place to stay and to give them some work the next day. Before they went to appellant’s home, they asked to go by the trailer. Appellant let them off, turned the truck around, and waited for them. He denied they used the crowbar in his vehicle to gain entry to the house.
The appellant admitted driving the youths to the house which they burglarized. He claims that he did not do so with *308 the intent to participate in the burglary. However, his innocent explanation is inconsistent with the state’s evidence. He parked his truck in such a way as to permit a quick getaway, and he left the passenger door open and the engine running. When a neighbor confronted the truck at the house and yelled the tag numbers for a 911 call, appellant honked the horn for the youths to return to the vehicle. The youths then left the trailer, got in the truck, and drove off without talking to the neighbor at all. In a light most favorable to the state, this evidence is inconsistent with any hypothesis of innocence and lack of intent to engage in the burglary. Seeing this, hearing the neighbor yell out the tag number for a 911 call, and then leaving the scene without ever talking to the neighbor indicates an intent to participate with whatever the youths had planned. The state presented circumstantial evidence of appellant’s intent inconsistent with his claim of lack of intent. We find no error in the trial court’s denial of the motion for judgment of acquittal. It was for the jury to resolve the disputed issues of fact. The jury did this by convicting him.
Appellant claims his sentence as a violent career criminal is illegal because the state failed to prove the necessary qualifying offenses for such classification. To be sentenced as a violent career criminal, a defendant must have (1) previously been convicted as an adult three or more times of certain violent felonies listed in the statute, (2) been incarcerated in state or federal prison, and (3) committed another such offense within five years of the most recent conviction or release from prison. State v. Hearns, 961 So.2d 211, 214 (Fla.2007); § 775.084(l)(d), Fla. Stat.
Appellant, who has eighteen prior felony convictions, argues that the state failed to prove that he had three prior qualified felony convictions on separate dates of convictions. While he concedes that two of the convictions relied on by the court could be used as separate qualifying offenses because the prior convictions were proved with fingerprint matches, he contends that neither the conviction for battery on a person over sixty-five nor any of the three 1986 burglary convictions mentioned by the court in sentencing could be used because there were no fingerprint matches.
We agree with the state, however, that a fingerprint match is not essential for the conviction to be used as a qualifying offense for purposes of a violent career criminal sentence. “Fingerprint analysis is only one way to prove identity.” Guion v. State, 753 So.2d 628, 630 (Fla. 5th DCA 2000). Identity may be established by photographic evidence, see Johnson v. State, 936 So.2d 672, 674 (Fla. 4th DCA 2006); Wencel v. State, 768 So.2d 494, 495 (Fla. 4th DCA 2000), or by matching names and social security numbers. Guion, 753 So.2d at 630. As the appellant did not challenge his convictions other than for them failure to contain legible fingerprints, we affirm.
Finally, we have repeatedly rejected the contention, raised by appellant here, that Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), applies to the findings necessary for violent career criminal sentencing. See, e.g., McBride v. State, 884 So.2d 476, 478 (Fla. 4th DCA 2004) (holding that “Blakely does not entitle a defendant to have a jury determine whether he has the requisite predicate convictions for a habitual felony offender sentence”); Gudinas v. State, 879 So.2d 616, 618 (Fla.2004) (habitual violent felony offender sentencing is “unaffected by Apprendi [v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)]”); Dennis v. State, 784 So.2d 551 (Fla. 4th DCA 2001) (Apprendi does not require *309 that the requisite predicate convictions necessary to impose a violent career criminal sentence be proved to the jury beyond a reasonable doubt).

Affirmed.

STEVENSON and MAY, JJ., concur.