995 So.2d 1007 (2008)
Jeffrey FIGURA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-4364.
District Court of Appeal of Florida, Second District.
October 22, 2008.
Rehearing Denied December 18, 2008.
James Marion Moorman, Public Defender, and Pamela H. Izakowitz, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant *1008 Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
Jeffrey Figura appeals his judgment of felony petit theft. He raises three issues, but we find merit in only one and we reverse and remand for resentencing.
Figura argues that in finding that he had the requisite two prior petit thefts, the trial court erred in considering a 1999 theft conviction because the only documents the State produced to prove that conviction was his were the information charging the offense, the affidavit of insolvency executed for that case, and the bond receipt issued for that case. These documents were insufficient to prove that Figura was the man convicted of the 1999 theft because none of them contained either his fingerprints or his photograph. Cf. Johnson v. State, 936 So.2d 672, 674 (Fla. 4th DCA 2006) (finding that records submitted by State to prove that prior convictions were defendant's were sufficient because, while they did not contain his fingerprints, they contained a photograph).
Because this conviction was one of the two the court relied on in finding that Figura had two prior petit theft convictions, we must reverse his sentence and remand for resentencing. Upon remand, the State may present additional evidence to prove Figura was the perpetrator of the 1999 misdemeanor. See State v. Collins, 985 So.2d 985 (Fla.2008) (holding that resentencing is a new proceeding at which additional evidence may be presented).
Judgment affirmed; sentence reversed; remanded for resentencing.
NORTHCUTT, C.J., and LaROSE, J., Concur.