PER CURIAM.
 

 We have for review
 
 Ray v. State,
 
 941 So.2d 569 (Fla. 4th DCA 2006), in which the Fourth District Court of Appeal relied upon its decision in
 
 Yisrael v. State,
 
 938 So.2d 546 (Fla. 4th DCA 2006) (en banc),
 
 disapproved in part,
 
 993 So.2d 952 (Fla. 2008), and certified conflict with the First District Court of Appeal’s decision in
 
 Gray v. State,
 
 910 So.2d 867 (Fla. 1st DCA 2005). We have jurisdiction.
 
 See
 
 art. V, § 3(b)(4), Fla. Const.
 

 We stayed proceedings in this case pending our disposition of
 
 Yisrael,
 
 in which we: (1) approved the decision of the First District in
 
 Gray,
 
 and (2) disapproved the reasoning and rule of law articulated by the Fourth District in its underlying decision, but ultimately approved the result reached by that court
 
 on other grounds. See Yisrael v. State,
 
 993 So.2d 952, 960-61 (Fla.2008). We subsequently issued an order directing the State to show cause why we should not accept jurisdiction, summarily quash the decision under review, and remand for reconsideration in light of our decision in
 
 Yisrael
 
 The State has now supplied this Court with a Department of Corrections business-records certification contained within the appellate record, which was used during sentencing to authenticate an attached “Crime and Time Report.”
 
 See Yisrael,
 
 993 So.2d at 960-61 (approving this authentication method);
 
 see also
 
 §§ 90.803(6), 90.902(11), Fla. Stat (2005). Further, petitioner Ray concedes this point.
 

 Accordingly, we grant the petition for review and, as we did in
 
 Yisrael,
 
 approve the ultimate result reached by the Fourth District Court of Appeal below, but disapprove its reliance upon the rule expressed in
 
 Yisrael v. State,
 
 938 So.2d 546 (Fla. 4th DCA 2006), because the business-records certification provided in this case was used as a permissible means of authenticating
 
 an attached Crime and Time Report. See Yisrael,
 
 993 So.2d at 960-61;
 
 see also Smith v. State,
 
 990 So.2d 1162, 1164-65 (Fla. 3d DCA 2008);
 
 Parker v. State,
 
 973 So.2d 1167, 1168-69 (Fla. 1st DCA 2007),
 
 review denied,
 
 No. SC07-1847 (Fla. Feb. 19, 2009).
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, and LABARGA, JJ., concur.