ON REMAND FROM THE SUPREME COURT OF FLORIDA
 

 PER CURIAM.
 

 We reconsider on remand our opinion in
 
 Ray v. State,
 
 941 So.2d 569 (Fla. 4th DCA 2006), which the Florida Supreme Court reviewed in
 
 Ray v. State,
 
 No. SC06-2385, 7 So.3d 529, 2009 WL 702859 (Fla. Mar. 19, 2009).
 

 Ray argued to this court that the trial court erred in sentencing Mm as a prison releasee reoffender (“PRR”) based on allegedly inadmissible hearsay evidence, that is, a “Crime and Time Report” which the Department of Corrections (“DOC”) issued. 941 So.2d at 569-70. This court affirmed based on our en banc opinion in
 
 Yisrael v. State,
 
 938 So.2d 546 (Fla. 4th DCA 2006). In
 
 Yisrael,
 
 this court held that, during sentencing, a DOC release-date letter was admissible, under the public records exception to the hearsay rule, to establish a defendant’s status as a habitual violent felony offender.
 
 Id.
 
 at 549-50.
 

 The Florida Supreme Court, however, in
 
 Yisrael v. State,
 
 993 So.2d 952 (Fla.2008), concluded that DOC release-date letters alone are not admissible under either the business or public records exceptions to the hearsay rule.
 
 Id.
 
 at 960. Instead, the supreme court held that a signed release date-letter, written under seal, or a section 90.902(11) business record certification,
 
 *657
 
 may be used to authenticate an attached DOC “Crime and Time Report” to render the entire report admissible under the public records exception to the hearsay rule.
 
 Id.
 
 (citing
 
 Parker v. State,
 
 973 So.2d 1167, 1168-69 (Fla. 1st DCA 2007); § 90.902(11), Fla. Stat. (2004)).
 

 Following the disposition of
 
 Yisrael,
 
 the supreme court issued an order in this case directing the State to show cause why the supreme court should not remand for reconsideration in light of its decision in
 
 Yisrael.
 
 The State supplied the supreme court with a DOC business records certification, contained within the appellate record, which the State used to authenticate the “Crime and Time Report” upon which the trial court based Ray’s PRR sentence. After Ray conceded this point, the supreme court approved of this court’s ultimate result in Ray’s case, disapproved of our reliance on
 
 Yisrael,
 
 and remanded for further proceedings in accordance with its opinion.
 

 Therefore, based upon the supreme court’s mandate issued April 14, 2009, we modify our affirmance of Ray’s conviction and sentence consistent with the supreme court’s opinion filed March 19, 2009.
 

 HAZOURI, CIKLIN and GERBER, JJ., concur.