# Third District Court of Appeal

## State of Florida

Opinion filed August 26, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1444
Lower Tribunal No. 07-32436-B
_____

**Harold B. Monroe,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Teresa Mary Pooler, Judge.

Harold B. Monroe, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.

Before SUAREZ, C.J., and ROTHENBERG and EMAS, JJ.

PER CURIAM.

Defendant Harold B. Monroe appeals the trial court's denial of his motion to correct illegal sentence, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Mr. Monroe asserts that the imposition of a habitual offender sentence was illegal because the trial court improperly relied upon photographic evidence and prison records (rather than fingerprint comparison) in establishing Mr. Monroe had the requisite prior convictions to qualify him for sentencing as a habitual felony offender.[1]

We affirm the trial court's order because a defendant cannot properly seek such relief under rule 3.800(a) where he fails to affirmatively allege that the predicate prior convictions do not exist as a matter of law. See Bover v. State, 797 So. 2d 1246 (Fla. 2001); Macaluso v. State, 912 So. 2d 694 (Fla. 2d DCA 2005). Absent an affirmative allegation of the non-existence of these prior convictions, a defendant's claim that the State failed to lay a sufficient foundation for admission of these predicate prior convictions is simply an evidentiary issue that could and should have been raised on direct appeal.[2] Such a claim is not cognizable in a

---

[1] The State introduced two certified prior felony convictions, which included the fingerprints taken contemporaneously with the entry of those prior judgments and sentences. The State also presented a fingerprint analyst who testified that the fingerprints taken at the time of the prior convictions were not sufficiently legible to allow comparison with the fingerprint standards taken of Mr. Monroe in the instant case. The State thereafter introduced other evidence (including photographic evidence and certified documents under seal from the Florida Department of Corrections) to establish that the two prior felony convictions were in fact those of Mr. Monroe.

[2] Although we do not reach the merits of Mr. Monroe's claim, we note our sister

motion to correct illegal sentence under rule 3.800(a). Rule 3.800(a) "is not a vehicle designed to re-examine whether the procedure employed to impose the punishment comported with statutory law and due process." Bover, 797 So. 2d at 1249 (quoting with approval Judge v. State, 596 So. 2d 73, 77 (Fla. 2d DCA 1992)(en banc)).

Affirmed.

---

court has held that a fingerprint comparison is merely one—but not the exclusive— method by which the State may establish the existence of a defendant's qualifying prior conviction. See e.g., Sustakoski v. State, 992 So. 2d 306, 308 (Fla. 4th DCA 2008) (affirming violent career criminal sentence based on photographic evidence in the absence of fingerprint evidence where "the appellant did not challenge his convictions other than for their failure to contain legible fingerprints."); Johnson v. State, 936 So. 2d 672, 674 (Fla. 4th DCA 2006) (affirming enhanced sentence where "the appellant could have presented evidence to rebut the state's proof, but he chose not to do so. Therefore, the trial court did not err in relying on the identification evidence presented."). See also Smith v. State, 990 So. 2d 1162, 1165-66 (Fla. 3d DCA 2008) (holding that photographic evidence under seal, together with certified "Crime and Time Report" from Florida Department of Corrections, sufficiently established defendant's identity and his prison release date for purposes of sentencing him as a prison releasee reoffender).