NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ROLAND DOLAN,                              )
                                           )
        Appellant,                      )
                                           )
v.                                         )    Case No. 2D14-3874
                                           )
STATE OF FLORIDA,                          )
                                           )
        Appellee.                       )
                                           )
_____    )

Opinion filed February 17, 2016.

Appeal from the Circuit Court for Pasco
County; William R. Webb, Judge.

Howard L. Dimmig, II, Public Defender,
and Kevin Briggs, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Gillian N. Leytham,
Assistant Attorney General, Tampa, for
Appellee.


ALTENBERND, Judge.

        Roland Dolan appeals his judgment and sentence for a felony battery

under section 784.03(2), Florida Statutes (2012), which required the jury to determine

as an element of the offense that Mr. Dolan had committed a prior battery.[1]  Although

_____

        [1]The judgment erroneously reflected that Mr. Dolan was convicted of
felony battery pursuant to section 784.041 of the Florida Statutes.

there is a very high probability that Mr. Dolan's record includes a conviction for a prior battery, the State did not present sufficient admissible evidence of any prior conviction for battery before it rested and the court's actions thereafter did not effect a proper introduction of evidence. This case presents several interesting issues that should concern prosecutors who must prove to a jury the existence of a prior misdemeanor conviction as an essential element of an offense in a county like Pasco County where older misdemeanor judgments do not always contain the fingerprints contemplated by Florida Rule of Criminal Procedure 3.986. Our holding, however, is limited to the decision that the sua sponte procedure used by the trial court in this case was not a proper procedure to admit evidence of a prior conviction. Accordingly, we reverse the judgment and sentence on appeal and remand for entry of a judgment and sentence for misdemeanor battery.

## I. THE FACTS AND PROCEEDING IN CIRCUIT COURT

On December 12, 2012, Mr. Dolan was a cab driver. In the early evening, he picked up a mother and her daughter outside of the emergency room of a hospital where the daughter had received treatment. While driving the two passengers home, Mr. Dolan drove in a manner that frightened the passengers. They ordered him to pull over and to stop. When he finally pulled off the road and stopped, the daughter got out of the vehicle and called the police. Mr. Dolan became angry and struck the mother, who was still in the vehicle. He also spat on her and called her names.

An officer arrived at the scene. He interviewed Mr. Dolan and the two passengers and collected written statements from the two passengers. The officer

established probable cause to believe that Mr. Dolan had a prior battery conviction and arrested him for felony battery.

The State initially charged Mr. Dolan with five offenses, but he was convicted only of felony battery. He received a sentence of ten months' incarceration in county jail, followed by one year of community control and two years of probation. The trial court bifurcated the jury trial. The first phase of the trial concerned whether Mr. Dolan was guilty of battery. The second phase of the trial concerned whether Mr. Dolan had the requisite prior record to be convicted of felony battery.

The issue on appeal involves only the second phase of this proceeding. During the second phase, the State presented no witnesses. It relied exclusively on what it asserted was a prior judgment of conviction for a misdemeanor battery. While the jury was deliberating on the first phase, the trial court asked the State how it intended to prove a prior conviction. The State responded that it had a certified copy of a prior judgment and sentence. The trial court observed that the document did not contain fingerprints. The court asked the State to provide legal precedent that would support the admission of a judgment that did not contain fingerprints. The State assured the court that it would find the precedent.

After the jury returned its first verdict of guilt, the State informed the trial court that it had the certified copy of the judgment and sentence and a copy of a booking photo in its possession. But the State provided no legal precedent to support the introduction of the certified copy without fingerprints. Instead, the assistant state attorney stated:

> But at this time we don't have any—and then
> we'll just ask for you to take judicial notice of it, after entering

the judgment and sentence, and if the jury finds it to be the defendant and then there's a challenge from the defense, then we would argue with the booking photo. That's our game plan at this point.

Not surprisingly, the defense objected to this rather odd "game plan." The trial court advised that it would simply allow the State to proceed with its evidence and then address the matter in a motion for judgment of acquittal.

When the State sought to introduce the certified copy of a judgment and sentence into evidence, Mr. Dolan's attorney objected that the State had presented no evidence that the person listed in the judgment was actually the defendant. The trial court decided to "allow it into evidence" after first denying the objection, which it characterized as an objection based on "relevancy." The court added: "But, of course, if they can't show relevancy, . . . . I'll grant your motion for a directed judgment of acquittal as to this bifurcated portion of the trial." Once the court admitted this exhibit into evidence, the State rested.

Recognizing that we may be Monday-morning quarterbacks, this probably would have been a good time for the trial court to allow Mr. Dolan's attorney to move for a judgment of acquittal. Instead, the trial court conducted a bench conference, asking the State how it had identified the defendant as the person named in the prior judgment. The State responded that it wanted the court to take "judicial notice" of a booking photo. The court responded: "What booking photo?" The assistant state attorney, having already rested, said:

The booking photo online, but I have a copy of it. It wasn't entered into evidence, that's why—it's something that can be ascertained by the Court. We didn't enter it into evidence because we don't have the person that took the

photo.  But the booking photo has the case number attached to it.

Mr. Dolan's attorney then objected to this entire procedure.

The trial court never actually announced that it was going to take judicial notice of the online information from the sheriff's website.  Instead, it asked, "Madam Clerk, do you have some scissors?  Okay.  Do you have some staples, stapler?"  Mr. Dolan's attorney asked to make an argument, and the court announced that it had "already heard argument."  The court then stapled a redacted copy of the online internet material to the certified judgment.  Thereafter, the State moved to reopen its case.  The court asked, "But now you're resting?"  Mr. Dolan's attorney responded that the State had already rested, to which the court replied, "Oh, I'll allow them to reopen their case.  I don't play those games."  Mr. Dolan's attorney then moved unsuccessfully for a judgment of acquittal.

The trial court never actually took judicial notice of any document, and the jury was not told that the court had taken judicial notice.  Instead, the State argued to the jury that it should look at the booking photo and then at the defendant in the courtroom and decide if it was the same person.  The jury returned a verdict in favor of the State.  After sentencing, Mr. Dolan appealed his judgment and sentence.

## II.  THE HOLDING

The applicable felony battery statute states, in part:

> A person who has one prior conviction for battery, aggravated battery, or felony battery and who commits any second or subsequent battery commits a felony of the third degree, punishable as provided in s[ection] 775.082, s[ection] 775.083, or s[ection] 775.084.  For purposes of this subsection, "conviction" means a determination of guilt that is the result of a plea or a trial,

- 5 -

> regardless of whether adjudication is withheld or a plea of
> nolo contendere is entered.

§ 784.03(2), Fla. Stat. (2012). There can be no dispute that a prior conviction in this context is an element of the offense. See State v. Rothwell, 981 So. 2d 1279, 1281 (Fla. 1st DCA 2008). Accordingly, unless the defendant waives a jury trial on this issue, the prior conviction is a factual issue that must be proven beyond a reasonable doubt to the jury.

The trial court's bifurcated proceeding to prevent the presentation of evidence of the prior record to the jury during the initial stage of the trial was an entirely appropriate procedure in this case. Cf. State v. Rodriguez, 575 So. 2d 1262, 1266 (Fla. 1991) (concluding that "if a defendant charged with felony DUI elects to be tried by jury, the court shall conduct a jury trial on the elements of the single incident of DUI at issue without allowing the jury to learn of the alleged prior DUI offenses" and that if the jury returns a guilty verdict, the trial court shall conduct a separate proceeding to determine if the defendant has the requisite prior convictions (footnote omitted)), modified by State v. Harbaugh, 754 So. 2d 691, 694 (Fla. 2000) (holding that unless waived by the defendant in a felony DUI case, the jury, not the judge, must decide the issue of the defendant's prior convictions in the second phase of the trial). But the odd procedure utilized by the court to introduce the prior judgment is improper. It was not the State that asked the court to cut and paste a copy of a redacted online document to a certified judgment. The court effectively introduced its own evidence against the defendant, thereby departing from its required position of neutrality. See Seago v. State, 23 So. 3d 1269, 1271 (Fla. 2d DCA 2010). Any argument that a copy of an online document, even a document from a government website, can be admitted into evidence over objection

to prove an essential element of a third-degree felony without any predicate testimony to establish its authenticity or to prove the truth of its content, i.e., that it is a battery judgment involving the defendant, borders on the frivolous. See § 90.955, Fla. Stat. (2014) (relating to the admission of public records).

We do not believe that the trial court actually took judicial notice of the booking photo. To do so would have been error in this case. Although case law permits a trial court, at least in a nonjury trial, to take judicial notice of a fact essential to a criminal conviction, the circumstances in which this is permissible are quite narrow. See, e.g., Cordova v. State, 675 So. 2d 632, 635 (Fla. 3d DCA 1996). Booking information obtained from a sheriff's website does not fall within the list of matters for which a court must take judicial notice under section 90.201, and it does not appear to fall within the list of matters for which a court may take judicial notice under section 90.202. Even if this booking document were such information, an oral request to take judicial notice of such evidence after a party has rested its case would clearly fail to comply with the procedures of section 90.203, which addresses the circumstances requiring compulsory judicial notice of items listed in section 90.202.

We recognize that the Fourth District allowed a trial court in a bifurcated felony DUI proceeding to take judicial notice of an entire court file that contained, among other things, a booking photograph.[2] See Ward v. State, 807 So. 2d 808, 809 (Fla. 4th DCA 2002); cf. Williams v. State, 865 So. 2d 5, 6 (Fla. 4th DCA 2003) (distinguishing

---

[2]That opinion at least suggests that the second phase of the trial was nonjury. Ward v. State, 807 So. 2d 808, 809 (Fla. 4th DCA 2002) ("Mark Ward timely appeals after a jury, in a bifurcated proceeding, convicted him of driving under the influence (DUI). The trial court determined the felony portion of this DUI charge.").

- 7 -

Ward and explaining that it "sustained a conviction [in Ward] even though all the required past offenses were not proven with certified copies of the judgments of conviction . . . .  because the state supported the evidence of the defendant's DMV driving record with other reliable evidence of the conviction").  If the State had had an entire court file from a prior misdemeanor conviction in this case, the outcome might have been different.  But see Stoll v. State, 762 So. 2d 870, 876 (Fla. 2000) ("Although a trial court may take judicial notice of court records, it does not follow that this provision permits the wholesale admission of all hearsay statements contained within those court records." (citation omitted)).

Perhaps the assistant state attorney in this case was inexperienced. Nonetheless, while a trial court certainly has some discretion to make allowances for inexperienced or unprepared attorneys, the court does not have the discretion to dispense with basic rules of evidence or to take over the role of prosecutor.  Thus, we hold that the trial court erred in admitting this odd document using these unusual procedures.  The trial court should have granted a judgment of acquittal as to the felony charge when the State was unprepared to prove that the defendant was the person identified in the prior judgment.  Accordingly, on remand the trial court shall enter a judgment for misdemeanor battery.

### III.  THE UNRESOLVED ISSUES

Mr. Dolan argues that the prior judgment could not be admitted as evidence of a conviction because it did not contain fingerprints in compliance with Florida Rule of Criminal Procedure 3.986.  Relying on Keith v. State, 844 So. 2d 715 (Fla. 2d DCA 2003), he claims the document is thus inadmissible unless the State

provides the "whole record" as described in Warren v. State, 74 So. 2d 688, 688 (Fla. 1954).  The State answered with a brief that relied extensively on case law that discussed the admission of prior convictions in various contexts.

The rules for the admission of prior convictions for purposes of sentencing or when the prior conviction is not an essential element to be determined by a jury are simply different than those applicable to this case.  See Sustakoski v. State, 992 So. 2d 306, 308 (Fla. 4th DCA 2008) (holding that a fingerprint match is not essential for a conviction to be used as a qualifying offense for purposes of a violent career criminal sentence); Johnson v. State, 936 So. 2d 672, 674 (Fla. 4th DCA 2006) (stating that the evidence was sufficient to prove identity for the purpose of considering two prior convictions on the defendant's sentencing scoresheet despite a lack of fingerprints); Wencel v. State, 768 So. 2d 494, 495 (Fla. 4th DCA 2000) (holding that under the Prisoner Releasee Reoffender Act, the State must only prove that the defendant and the releasee identified by the Florida Department of Corrections are one and the same person by the preponderance of the evidence and that it may do so through photographic evidence).

Additionally, much of the related case law, including Keith, dealt with proof of a prior felony conviction, as opposed to a prior misdemeanor conviction.  Rule 3.986, which provides a form judgment requiring fingerprints, on its face states that the form "shall be used by all courts."  The rule, however, appears to have been written to comply with chapter 75-23, Laws of Florida, and section 921.241, Florida Statutes (1975), which require fingerprints to be affixed to "every written judgment" reflecting guilt

of a "felony."  See In re Fla. Rules of Criminal Procedure, 315 So. 2d 172, 172 (Fla. 1975).

Our record, obviously, contains no information about when the county court in Pasco County or the county courts in other counties began to use a form judgment that included fingerprints.  No one in this case argues that the legislature has required fingerprints on misdemeanor judgments as a matter of substantive law.  Because the State did not attempt to comply with the proper procedures for judicial notice in this case, our record tells us nothing about the nature of the public records maintained in Pasco County for prior simple battery or DUI convictions.  Given that convictions for these types of offenses are some of the most common convictions to be used as substantive proof to establish subsequent felony charges, we decline to announce any rule governing the admissibility of evidence establishing the historical fact of the prior conviction at this time.  Suffice it to say, if the absence of fingerprints on misdemeanor judgments has been a common, longstanding practice in Pasco County, it is a legal issue that prosecutors will need to address with care until precedent is established on this issue.

Reversed and remanded.

SLEET and BADALAMENTI, JJ., Concur.